JOSEPH L. HABERSTRO, Respondent, *v.* JOHN M. BEDFORD et al., Appellants.

*It seems* where, in an action upon a bond or undertaking taken by a sheriff, a defense is interposed, based on the statutary provision (2 R. S. 286, § 59) prohibiting that officer from taking any bond, obligation or security "by color of his office in any other case or manner than such as are provided by law," the defense is not met by proof that the instrument was taken at the instance of the defendants; its validity or invalidity is not dependent upon the question as to whether it was extorted or voluntarily given.

Where an undertaking given to discharge a defendant from arrest, in an action for embezzlement, instead of being in precise compliance with the provisions of the Code of Civil Procedure in reference thereto (§ 575), followed the requirements of the Code of Procedure (§187); and so, in excess of the present statutory requirements, contained the condition that defendant would render himself amenable to the process of the court during the pendency of the action, *held*, that the word "process" as used referred only to such mandates of the court as are issued to enforce a decree or judgment; that as no process could be issued against defendant prior to the rendition of judgment, the extra condition added in no degree to the statutory obligation; and so, might be disregarded as surplusage.

*It seems* the intent of the provision of the Code of Procedure was to provide for bail in both legal and equitable actions; the provision that defendant would render himself amenable to process during pendency of the action being intended to be applicable only to actions for equitable

relief, wherein an order of arrest in place of a writ of *ne exeat* had been issued.

Where the sureties to such an undertaking are excepted to and refuse to justify, it is not the duty of the sheriff to take active measures, such as rearresting the defendant, to relieve them from liability; nor can the sureties surrender their principal and so relieve themselves from further responsibility, and a certificate of the sheriff that they have surrendered, does not, in the absence of proof that they relied thereon, and by reason thereof have sustained injury, estop that officer from asserting their liability to him as fixed by the Code of Civil Procedure.  (§ 589.)

After the discharge of a defendant from arrest on giving an undertaking, and after failure of the sureties to justify, the defendant was, by virtue of a County Court order in proceedings instituted in part upon the affidavits of one of the sureties, taken by the sheriff, to an inebriate asylum; that officer having been advised by his counsel that it was his duty to obey the order, and if he failed so to do he would be guilty of contempt. The order was in fact void. While defendant was in the asylum an execution against his person was issued to the sheriff and returned by him unsatis-fied.    Thereafter the defendant was brought back from the asylum and taken into custody by the sheriff, who by advice of counsel accepted an undertaking from him and discharged him from arrest.   Subsequently the sheriff took various steps for the purpose of procuring the exoneration of himself as bail and the relief of the sureties in the original undertaking, by advice of their counsel and his own, and at the request of one of said sureties, he promising to pay the expense incurred.   In an action by the sheriff against said sureties, *held*, their omission to justify rendered them liable; that plaintiffs action in obeying the void County Court order, and in attempting to relieve them and himself, although he made a mis-take and was ill-advised, furnished no defense; that he had a right to rely. upon the indemnity furnished by defendants undertaking, and was not required to take any affirmative action to relieve them.

Reported below (43 Hun 201).

(Argued November 25, 1889; decided January 14, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 24, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict upon trial in the Superior Court of Buffalo and affirmed an order denying a motion for a new trial.

Alice Douglas commenced an action January 7, 1879, against one William F. Warren to recover the sum of $1,078.93 alleged by her to have been fraudently misapplied and embezzled by

him.   Pursuant to an order of arrest granted on the same day the defendant Warren was arrested by the plaintiff.   He was discharged from such arrest after executing and delivering to the sheriff an undertaking in which the appellants joined. Such undertaking was not in the form prescribed by section 575 of the present Code but was in the form provided by section 187 of the old Code.   By this writing Warren, as principal, and the appellants, as sureties, bound themselves jointly and severally that Warren should at all times render himself amenable to the process of the court during the pendency of the action and to such as might be issued to enforce the judgment therein.   On January 16, 1879, the plaintiff in that action excepted to the form and sufficiency of the undertaking and also to the sufficiency of the sureties.   The sheriff gave the sureties notice requiring them to appear and justify but they failed to do so.   Alice Douglas perfected judgment in such action against the defendant Warren for $1,243.06 March 7, 1879, and on the same day issued and delivered to the plaintiff an execution thereon against the property of Warren which was returned wholly unsatisfied March 15, 1879.

Pursuant to an order made by the county judge of Erie county, based in part upon the affidavit made by the defendant Bedford, the plaintiff, as sheriff of Erie county, by one of his deputies, on the 10th day of March, 1879, removed Warren from Erie county to an inebriate asylum in Broome county, and there placed him in care and custody of the officers of the asylum.   There he was confined until April 15 following, when the plaintiff, by one of his deputies, in accordance with an order made by the county judge of Erie county, took him from such asylum to the county jail of Erie county, where he was confined.   While Warren was in the asylum at Binghamton, and on March 17, 1879, an execution against his person was issued on the Douglas judgment and placed in the hands of the plaintiff as sheriff.   Such execution was returned unsatisfied on the third day of April following.   Before Warren was brought back from the asylum at Binghamton, and on April 10, Mrs. Douglas commenced an action in the Supreme

Court against the plaintiff to recover the amount of her judgment against Warren, which resulted in a judgment in her favor for $2,005.38 on May 31, 1884. From April 15 until April 23, 1879, Warren remained a prisoner in the actual close custody of the plaintiff. Upon the latter date an instrument in writing was executed by Warren, as principal, and Henry W. Box and Joseph V. Seaver, as sureties, conditioned that said Warren should at all times render himself amenable to the process of the court during the pendency of the action wherein Alice Douglas was plaintiff and William F. Warren defendant, and to such as might be issued to enforce the judgment therein, was delivered to the plaintiffand on that day he was discharged from custody. On April 29, following, the plaintiff, through one Isaac Stcot, then a coroner of Erie county, again took Warren into actual close custody in his own exoneration as bail of said Warren. He was discharged from imprisonment on the same day upon the receipt by plaintiff of an instrument in writing executed by Warren as principal and the same sureties as before, conditioned that Warren should at all times render himself amenable to the process of the court during the pendency of the action of Douglas against Warren. April 30, 1879, the plaintiff moved for his own exoneration as bail. The motion was granted by the Special Term, but the General Term reversed the order, the Court of Appeals subsequently affirmed the order of the General Term. After the plaintiff's term of office had expired he again caused Warren to be imprisoned and thereafter moved for his own exoneration as bail, which the Special Term granted on conditions. The General Term reversed the order of the Special Term which order was subsequently affirmed by the Court of Appeals. The plaintiff thereafter commenced this action to recover the damages which he claimed to have sustained by reason of the refusal of the defendants, as sureties, to justify on the undertaking given in the action of Douglas against Warren, and also to recover the costs, expenses and disbursements incurred in the defense of the action brought against him, and in the proceedings taken in exoneration of himself as bail upon

the ground that such defense had been interposed, proceedings taken and costs and expenses incurred, at the request and upon the agreement of the defendants to reimburse him.

The trial court directed a verdict in favor of the plaintiff and against the defendants for $1,686 the amount of the judgment recovered with the interest thereon, in *Douglas* v. *Haberstro.* As to the items of costs and expenses incurred in conducting the several proceedings for exoneration and in defending the action of *Douglas* v. *Haberstro*, the court held that there was no evidence justifying a recovery against the defendant Phillips and submitted to the jury for their determination as to whether the defendant Bedford had requested the sheriff to incur such expense and had agreed to reimburse him. The jury found in favor of the plaintiff on that issue, and judgment was entered accordingly.

*Truman C. White* for appellant. As sheriff of Erie county, the plaintiff was the chief executive officer of all courts of record within his county, and bound by statute, as well as at common law, to execute all their mandates and conform all his acts to the law and practice of those courts. (Crocker on Sheriffs, § 26, 148; 3 Chitty on Practice, 45, 46; Tidd on Practice, 48; 2 R. S. [7th ed.] 967, § 75.) The instrument executed by the appellants with William F. Warren on January 7, 1879, was void and created no liability on the part of the appellants. (Code Civ. Pro., § 575, subdiv. 1; Greenwood on Public Policy, 311; *Toles* v. *Adee*, 84 N. Y. 222, 234; Crocker on Sheriffs, § 764.) The respondent cannot charge the appellants "with consequences, which if he had acted with reasonable dilligence, might have been prevented." (*In re Cornell*, 18 N. Y. S. R., 206; *Woolsey* v. *Finke*, 17 N. Y. S. R. 627; *Woodmansee* v. *Kinnicutt*, 20 N. Y. Wkly Dig., 512; *Hamilton* v. *McPherson*, 28 N. Y. 72.) When the respondent confined Warren in jail on April 14, 1879, he was entitled, as matter of right, to exoneration. It constituted a valid surrender by the respondent in his own exoneration as bail, and he should thereafter have detained him until dis-

charged according to law. (1 Wait's Practice, 672; *Sartos* v. *Merceques,* 9 How. Pr. 188; *Brady* v. *Drundage,* 59 N. Y. 310; Code of Civ. Pro., §§ 110, 149; *Thomas* v. *Bartow,* 48 N. Y. 200; 1 Parsons on Contracts, [6th ed.] 446, 2 id. 798; *Rutgers* v. *Lucet,* 2 John. Cas. 92; *Duglas* v. *Haberstro,* 21 Hun, 320; 82 N. Y. 611.

*Adelbert Moot* for respondent.     The plaintiff is entitled to recover $1,686 against both the defendants as a matter of law upon the undisputed facts of this case.     (*Arteaga* v. *Connor,* 88 N. Y. 403; Code of Pro., §§ 186, 589; *Clapp* v. *Schutt,* 44 N. Y. 104; *McKenzie* v. *Smith,* 48 id. 143; *Baker* v. *Curtiss,* 2 Abb. Pr. 279; *Towl* v. *Alford,* 64 Barb. 568; *Van Duyn* v. *Koch,* 1 Hill, 558; *Cozine* v. *Walter,* 55 N. Y. 304; *Village of Port Jervis* v. *F. Nat. Bk.,* 96 id. 550; *Brady* v. *Brundage,* 59 id. 310; *Willett* v. *La Salle,* 19 Abb. Pr. 272; Code, § 589; *Chamberlain* v. *Preble,* 11 Allen, 374; *Miner* v. *Clark,* 15 Wend. 427; Rowle on Covenants, 200; *City of Rochester* v. *Montgomery,* 72 N. Y. 65; Bigelow on Estoppel [3d. ed.], 84.)     The verdict and judgment are right upon the facts. (*Metcalf* v. *Striker,* 31 N. Y. 225; Code, §§ 587, 595; *Douglas* v. *Haberstro,* 19 Hun, 1; *Clapp* v. *Schutt,* 44 N. Y. 104; *Douglas* v. *Haberstro,* 88 id. 611; *Goodwin* v. *Bunzell,* 18 J. & S. 441; *Winter* v. *Kinney,* 1 N. Y. 365; *Dubois* v. *Hermance,* 56 id. 674; *Hastie* v. *DePeyster,* 3 Caines, 190; *N. Y. M. Ins. Co.* v. *P. Ins. Co.,* 1 Story, 458; *Kip* v. *Brigham,* 7 Johns. 168; *Rockfeller* v. *Feller,* 8 Cow. 623; *Kettle* v. *Lepe,* 6 Barb. 467, 469; *N. Y. C. Ins. Co.* v. *Nat. P. Ins. Co.,* 20 id. 476, 477; *Spark* v. *Heslop,* 28 L. J. [N. S.] 197; Sedg. on Dam. 326–331; 2 id. 36–44; *Brown* v. *Nichols,* 42 N. Y. 26; *Devlin* v. *Smith,* 89 id. 470.)     The plaintiff is not estopped from asserting the liability of defendants. (*Plumb* v. *C. C. M. Ins. Co.,* 18 N. Y. 394, 395; *Chipman* v. *Gates,* 54 id. 132; *Makenzie* v. *Smith,* 48 id. 143; *Julliard* v. *Chaffee,* 92 id. 529; *Chamberlain* v. *Preble,* 11 Allen, 370; *Connor* v. *Reeves,* 103 N. Y. 527; 88 id. 611.)     It is now too late for Bedford and Phillips to urge that the undertaking upon

which they obtained the release of Warren by Haberstro as sheriff was void, and, therefore, they are not liable for anything in this action. (*Toles* v. *Adee*, 84 N. Y. 224; 91 id. 562; *Goodwin* v. *Bunzel*, 102 id. 224; *Carr* v. *Sterling*, 114 id. 588; Bigelow on Estoppel [3d ed.], 479; *Konitzky* v. *Meyer*, 49 N. Y. 571; *Chicago* v. *Robins*, 4 Wall. 658; *Village of Port Jervis* v. *Bank*, 96 N. Y. 550; Freeman on Judgments, §§ 181, 184, 249; *Smith* v. *Smith*, 79 N. Y. 634; *Jordan* v. *Van Epps*, 85 id. 436; *Clemens* v. *Clemens*, 37 id. 74; *Bloomer* v. *Sturges*, 58 id. 176; *Collins* v. *Bennett*, 46 id. 490; 88 N. Y. 611; 25 Hun, 262, 263; 21 id. 320; 82 N. Y. 572; *Toll* v. *Alvoord*, 64 Barb. 568; *Connor* v. *Reeves*, 103 N. Y. 527.) The court correctly decided that it could permit the plaintiff to amend his complaint, as it could have permitted an amendment to a bill of particulars, by adding another item of expense to the items of expense specified in the complaint; and as defendants did not show surprise or mistake, no injury resulted to defendants therefrom. (Code Civ. Pro., § 723; *Melvin* v. *Wood*, 3 Keyes, 533; *Hall* v. *Gould*, 13 N. Y. 127; *Dennis* v. *Coman*, 61 id. 642; *Knapp* v. *Roche*, 62 id. 614.)

PARKER, J. The first question requiring consideration involves the validity of the undertaking executed by Warren as principal with the defendants as sureties and by them delivered to the sheriff. The sureties were financially responsible, and upon such execution and delivery, accompanied with a demand that Warren be released from custody, he was discharged. It is now contended that the undertaking was void, because it contained a provision not authorized by section 575 of the Code of Civil Procedure. Warren was entitled to be discharged from custody upon giving an undertaking in compliance with subdivision 3 of such section which provides that " the defendant will at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him in the action."

The undertaking given was conditioned that the defendant " shall at all times render himself amenable to the process of

the court during the pendency of the above entitled action, and to such as may be issued to enforce the judgment therein." It will be observed that the undertaking was in accord with the requirements of section 187 of the old Code, for which section 575 of the present Code is a substitute. The condition embraced in the undertaking in excess of the statutory requirement is therefore that the defendant shall render himself amenable to the process of the court during the pendency of the action. It is insisted that by reason thereof the undertaking is void, within the statute which provides that "no sheriff or other officer shall take any bond, obligation or security by color of his office, in any other case or manner than such as are provided by law. And any such bond, obligation or security taken otherwise than as herein directed shall be void." (2 R. S. 286, § 59.)

The decision of this court in *Toles* v. *Adee* (84 N. Y. 224); *Goodwin* v. *Bunzl* (102 id. 224), and *Carr* v. *Sterling* (114 id. 588) cannot be invoked in support of the validity of the undertaking in question.

In each of those cases there was denied to the instrument in writing, any validity as a statutory undertaking, but it was held under the circumstances proven to constitute a valid common law agreement between the parties to the action, and enforceable as such, between themselves. In this case the undertaking cannot be regarded as an agreement between the parties to the action, for the plaintiff instead of agreeing to accept the undertaking specifically objected to its form and sufficiency. This plaintiff in his official capacity accepted the undertaking. His right to receive it as a condition precedent to the discharge of the defendant in the action was controlled by a statute designed to prevent extortion and oppression by officers of prisoners in their custody. This statute is enforced by the courts with great strictness. (*Barnard* v. *Viele*, 21 Wendell 88; *Bank of Buffalo* v. *Boughton*, id. 57).

It is no answer to the allegation of invalidity based upon the statute, that the illegal security was taken at the instance of the defendant. Its validity or invalidity is not dependent on

the circumstance whether it was extorted or voluntarily given. (*Toles* v. *Adee*, 84 N. Y. 222).

If, then, the words not properly embraced in the undertakng imposed any burden in addition to that authorized by law, (Code, § 575, subdiv. 3) it is void and of no effect. (*Cook* v. *Freudenthal*, 80 N. Y. 202.) Inasmuch as the undertaking contains all of the statutory requirements, we are to determine whether the additional words are of substance or not. If properly construed they add in any degree whatever to the statutory obligation, then they must be deemed to be of substance and the undertaking held to be void. Otherwise they may be treated as surplusage and disregarded. The statute required Warren to give an undertaking conditioned that he would render himself amenable to any mandate issued to enforce a final judgment against him in the action. The unauthorized provision therefore did not add to or affect the liability of the defendant, or his sureties after judgment rendered. And as this is an action at law for the recovery of money only, the order of arrest being based upon the assertion of a fraudulent misappropriation of money, it is not apparent how any process could issue against him prior to the rendition of judgment. The word process in the connection in which it is used in this undertaking has a well understood meaning. It has been determined by frequent use and practical construction in courts of equity to relate only to such mandates of the court as are issued to enforce a decree or judgment in an action. While a subpœna issued to compel attendance of a witness, or an order punishing for contempt of court one who refuses to discover books or papers on a trial, are within the general legal definition of the word process, they are not legitimately included within its scope and meaning in the relation which it bears to the words under consideration.

The holding that such words are without force and meaningless when employed in an undertaking given in a action at law suggests the inquiry, why then were they a part of section 187 of the old Code? Must it not be presumed that the legislature intended that they should be effectual for some purpose?

It was evidently the intention of the code commissioners to abolish the writ of *ne exeat*, which courts of equity were accustomed to employ to prevent a party owing an act of justice to a fellow citizen, and to enforce which a suit had been instituted, from withdrawing himself from the jurisdiction of the court so that he could not be compelled by its process to abide its decree. In order to be discharged from an arrest made pursuant to the writ it was necessary to give bail that he would not " go, nor attempt to go, without the state without leave of the said Supreme Court." In this manner bail in purely equitable actions was frequently obtained.

The code commissioners having, as they undoubtedly supposed, put an end to the writ of *ne exeat* it became necessary to provide for bail in both legal and equitable actions. To that end section 187 of the old Code was evidently framed. It provided for an undertaking that would serve the purpose desired in both classes of actions.

The insertion of the provision that the defendant would render himself amenable to process during pendency, being especially intended to be applicable to actions for equitable relief. The fact that after much conflict of decision the weight of authority seems to be in support of the position that the writ was not abolished by the old Code does not affect the position taken. The purpose of the commissioners to do so, and the fact that section 187 was in part the result of an attempt to provide bail in such cases as the writ *ne exeat* was accustomed to issue is obvious. It appears to have been intended by the commissioners, therefore, that such provision would be effective in equitable actions only. Their purpose and intent in drafting such provision, and our view of its non-effect in an undertaking, otherwise regular, given in an action at law are therefore in accord.

We think it cannot be held to add any additional burden or duty in an action for the recovery of money only, for that no mesne process can issue requiring the defendant to do any act during the pendency of the action. Therefore it may be treated as surplusage and the legal quality of the instrument is not vitiated.

Immediately after the giving of this valid undertaking the bail was excepted to, and they failed to justify.

As a legal consequence of such omission the plaintiff became liable as bail. (Code Civ. Pro., § 587.) And the sureties in turn, accountable to him for the damages sustained by reason thereof. (Code Civ. Pro., § 589.)

But it is contended that the defendants are relieved from responsibility to the plaintiff because of the acts and omissions of plaintiff subsequent to their refusal to justify. While undoubtedly it was obligatory upon the sheriff to act in good faith toward these defendants, to do no act with the purpose of charging them with liability, we do not conceive it to have been his duty to take active measures to relieve them from responsibility. They had demanded Warren's release from custody upon the strength of an undertaking executed by them, and it cannot be said that thereafter it was incumbent upon him to arrest Warren for the purpose of affording relief to them.

Had the defendants justified as bail they would have had the right to surrender their principal, and thereby relieve themselves from further responsibility. They did attempt to make a final surrender of Warren while he was in custody, and on the 15th day of April, 1879, but because of their failure to justify, they were no longer bail, and entitled to the privileges incident thereto, and therefore such attempt was without effect. (*Clapp* v. *Schutt*, 44 N. Y. 154.)

An act of the defendants, unauthorized by law and without effect, cannot be asserted as a defense to plaintiff's claim. The acts of the plaintiff of which the defendants complain, and insist should release them from liability herein, are :

*First.* That Warren would have been found and taken in the execution issued against his person, but for the fact that previous to its issue he had been taken to the inebriate asylum at Binghamton by the plaintiff, through one of his deputies. It appears that Warren was so taken by virtue of an order of the county judge of Erie county. It was based in part upon an affidavit made by the defendant Bedford. The plaintiff

did not have personal knowledge of the attempt to remove Warren to Binghamton until after the making and delivery to him of the order of removal.

He then consulted his counsel who advised him that it was his duty to obey the order, and that if he failed to do so he would be guilty of contempt. The order was void and was so treated by the trial court:

*Second.* That the plaintiff, after having taken Warren into close custody and on the 24th day of April, 1879, accepted an undertaking from him and discharged him from arrest. It appears that the plaintiff took Warren into custody about April fourteenth. That on the next day the defendants attempted to make a final surrender of him to the sheriff in exoneration of themselves, which as we have observed was ineffectual for such purpose. Subsequently and by advice of counsel he accepted an undertaking from the debtor and discharged him from arrest.

Four days later he caused his re-arrest by the coroner. Such arrest was apparently made for the purpose of procuring the exoneration of the sheriff as bail.

Upon his application an order was granted by the Special Term to that effect. Such order was subsequently reversed by the General Term. After plaintiff's term of office had expired he surrendered Warren to the sheriff, and again moved for his exoneration as bail. The application was granted on terms, but the order was reversed by the General Term. It is not claimed that in what he did the plaintiff acted in bad faith, or with any design to charge the defendants with liability. On the contrary the trend of the evidence is to the effect that he acted by advice of his counsel and Mr. Hawks, counsel for the defendants, acting together. Indeed the jury have found that in defending the action of *Douglas* v. *Haberstro*, and in the taking of the subsequent proceedings in exoneration of himself as bail he acted at the request of the defendant Bedford, and upon his promise to pay all expenses incurred in connection therewith. Having then acted in good faith towards the defendants it cannot be held because plaintiff made a mistake,

or was ill-advised, by both his own counsel and that. of the defendants, as to the mode of procedure necessary to relieve himself from liability as bail, that thereby is created a defense for the defendants.

The omission of the defendants to justify rendered them liable to the plaintiff for the damages incurred.

He had a right to rely upon the indemnity furnished by their undertaking and was not required to take any affirmative action to relieve them from the liability created by their neglect. It is difficult to see, therefore, how proceedings taken with intent to relieve himself and the defendants as well from liability, because not effectual for the purpose desired, can be regarded and treated as a defense available to the defendants in this action.

In view of the circumstances surrounding the making of the certificate by the sheriff to the effect that Bedford and Philips had surrendered Warren, together with the absence of proof that defendants relied thereon and by reason thereof have sustained injury, we think the plaintiff is not estopped from asserting the liability of defendants.

The recovery against Bedford for expenses and disbursements incurred is not open for review in this court, the jury having found in favor of the plaintiff upon a conflict of testimony and the General Term having affirmed the judgment. The other exceptions taken do not call for a reversal.

The judgment should be affirmed.

All concur, except BRADLEY and HAIGHT, JJ., not sitting. Judgment affirmed.