The Concordia Savings and Aid Association, Respondent, *v.* John J. P. Read et al., Appellants.

An undertaking given on appeal to the General Term, from a decree in a foreclosure suit, instead of being in the form prescribed by the Code of Civil Procedure (§ 1331), for an undertaking to stay proceedings in such an action was in the form prescribed (§ 1327) to stay execution on a money judgment.   Plaintiff's attorneys accepted the undertaking and did not take proceedings to enforce the decree pending the appeal; this resulted in an affirmance, but during its pendency the property was sold pursuant to a decree of foreclosure and sale founded on a prior mortgage. In an action upon the undertaking, *held*, that while it was valid as a common-law agreement, and enforceable according to its terms, as no sum was recovered or directed to be paid by the judgment appealed from, the defendants were not liable beyond the amount of costs; that their agreement could not be enlarged so as to embrace the payment of the amount decreed to be paid out of the proceeds of the sale of the real estate; and so, that a recovery of this amount was error.

*Goodwin* v. *Bunzl* (102 N. Y. 224), distinguished.

(Argued December 15, 1890; decided January 14, 1891.)

Appeal from judgment of the General Term of the Superior Court of the city of Buffalo, entered upon an order made January 24, 1888, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought upon an undertaking given on appeal to the General Term from a judgment of foreclosure and sale in the usual form.

The undertaking did not comply with the requirements of section 1331 of the Code of Civil Procedure ; aside from the clause relating to costs and damages, it was in accordance with the provisions of section 1327.   The following is a copy thereof :

" Whereas, on the 27th day of January, 1879, in the Erie County Court, the above named respondent the Concordia Savings and Aid Association recovered judgment against the above named appellants Emil Meir, Elizabeth A. S. Read et al., for $518.30 damages and costs, and the said Elizabeth A. S. Read feeling agrieved thereby intends to appeal therefrom to

the General Term of the Supreme Court. Now, therefore, I, John J. P. Read, doing business at No. 500 Washington street, in the city of Buffalo, Erie county, N. Y., by occupation a merchant, and Fannie P. Cottle, of Little Falls, Herkimer county, N. Y., without occupation, do hereby, pursuant to the statute, jointly and severally undertake that the appellant will pay all costs and damages which may be awarded against her upon said appeal not exceeding $500, and do also undertake that if the judgment so appealed from, or any part thereof is affirmed or said appeal is dismissed, the appellant will pay the sum recovered or directed to be be paid by the judgment, or the part thereof as to which it shall be affirmed ; and said Fannie P. Cottle hereby charges her separate estate with the payment thereof.

"Dated at Buffalo, N. Y., *Nov.* 29, 1879.

"J. J. P. READ.
"FANNIE P. COTTLE."

Plaintiff's attorneys accepted the undertaking and did not take proceedings to enforce the judgment pending the appeal. It resulted in an affirmance. In the meantime the property was sold pursuant to a judgment of foreclosure and sale founded on a prior mortgage. After the entry of judgment on the order of affirmance and the giving of notice thereof to appellant's attorneys, this action was commenced.

*O. O. Cottle* for appellants. The obligation of the sureties to the undertaking contained no express agreement on their part to pay any deficiency after sale of the mortgaged premises. There has been no sale under the judgment of the mortgaged premises, and there is no judgment for deficiency. Upon such an undertaking the sureties incurred no liability for the mortgage debt, or for any deficiency which might arise on a sale. (*Knapp* v. *Van Etten*, 55 Hun, 428; *Barnard* v. *Onderdonk*, 98 N. Y. 158; *Wood* v. *Fisk*, 63 id. 245 ; Wiltsie on Mort. § 463; *Bache* v. *Dorcher*, 9 J. & S. 151–157; *Loeb* v. *Willis*, 22 Hun, 508; *Grow* v. *Snell*, 4 Civ. Pro. Rep. 335 ; *Grow* v. *Garlock*, 29 Hun, 598, 601; *Russell* v. *Perkins*, 1

Mason, 368 ; *Laddon* v. *Simons,* 2 Caine's Cas. 42, 57.)   The judgment proved is not such a judgment as the complaint alleges or the undertaking describes.   The judgment alleged in the complaint and described in the undertaking, was one for damages and costs against Emil Meier, Elizabeth A. S. Read and others ; while the judgment proved was a foreclosure judgment with no personal liability of Elizabeth A. S. Read. The judgment proved is not within the allegations of the complaint, or within the terms of the undertaking.  (*Knapp* v. *Van Etten,* 8 N. Y. Sup. 415 ; *Barnard* v. *Onderdonk,* 98 N. Y. 167 ; *Grow* v. *Garlock,* 29 Hun, 601 ;  *S., S. & Co.* v. *Aldrich,* 3 McLean, 383 ; *Loeb* v. *Willis,* 22 Hun, 508 ; *Grant* v. *Naylor,* 4 Cranch, 224 ; *Arlington* v. *Merricke,* 3 Saund. 411 ; *N. M. Bank* v. *Conklin,* 90 N. Y. 116 ; *Wood* v. *Fisk,* 63 id. 245 ; *Ludlow* v. *Simons,* 2 Caine's Cas. 42, 57 ; *McClusky* v. *Cromwell,* 1 Kern. 593 ; *Rogers* v. *Warner,* 8 Johns. 119 ; *Walrath* v. *Thompson,* 6 Hill, 541; *Dobbins* v. *Bradley,* 17 Wend. 422 ; *Hunt* v. *Smith,* Id. 179 ; *Nat. Bank of Batavia* v. *Tarbox,* 38 Hun, 57 ; *Russell* v. *Perkins,* 1 Mason, 368 ; *Wright* v. *Russell,* 3 Wilson, 530 ; *Strange* v. *Lee,* 3 East, 484 ; *Gold* v. *Phillips,* 10 Johns. 412 ; *Penoyer* v. *Watson,* 16 id. 100 ; *Robbins* v. *Bingham,* 4 id. 476 ; *Bill* v. *Barker,* 16 Gray, 62 ; *Wetson* v. *Barton,* 4 Taunt. 673 ; *Marvin* v. *Smith,* 56 Barb. 607; 46 N. Y. 571.)   The plaintiff is not entitled to equitable relief, because the defendants stand merely in the position of sureties.   (1 Story's Eq. Juris. § 176 ; *Wood* v. *Fisk,* 63 N. Y. 245 ; *Yale* v. *Dederer,* 18 id. 265 ; *Marvin* v. *Smith,* 56 Barb. 605 ; *Kelso* v. *Tabor,* 52 id. 125, 131 ; *H. M. L. Ins. Co.* v. *Sixbury,* 17 Hun, 424.)

*Lewis & Moot* for respondent.   The undertaking upon which this action is brought is a valid undertaking which has been broken, and these facts having been established by proof beyond dispute, the plaintiff was entitled to the judgment from which defendants now appeal.  (Code Civ. Pro. §§ 721–724, 1237, 1346, 1348, 1351, 1352, 1353, 1354 ; *Yates* v. *Birch,* 87 N. Y. 409 ; *Burrall* v. *Acker,* 21 Wend. 605 ; 23 id. 606 ;

*Winter* v. *Kinney*, 1 N. Y. 365; *Decker* v. *Judson*, 16 id. 439; *Goodwin* v. *Bunzell*, 18 J. & S. 441; 102 N. Y. 224; *Carr* v. *Sterling*, 114 id. 588; *Knapp* v. *Anderson*, 71 id. 466; 90 id. 347.)

Parker, J. An examination of the record in *Goodwin* v. *Bunzl* (102 N. Y. 224), and a comparison of the facts disclosed by it with those now under review, leads to the conclusion that this case is controlled by it to an extent which requires the holding that the undertaking before us is a valid common-law agreement. In that case as in this the undertaking contains the following recital: "Do hereby pursuant to statute in such case made and provided undertake  *  *  *." While the undertaking is valid and enforcible as an agreement, it can only be enforced according to its terms, and will not be given the force and effect of a statutory undertaking unless its provisions require it. This agreement provided first that the appellant "will pay all costs and damages which may be awarded against her on said appeal not exceeding $500." Costs were awarded against the appellant on such appeal in the sum of $119.72, and judgment therefor entered on the 9th day of June, 1884, and notice of the entry thereof duly given. Such sum with the interest thereon was, therefore, properly recoverable in this action. It further provides as follows: " And do also undertake that if the judgment so appealed from or any part thereof is affirmed, or said appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it shall be affirmed." If the undertaking given had been in the form provided by section 1331 plaintiff's right to recover would not admit of question, but as it is to be treated simply as an agreement between the parties we are to give to the words used their usual and ordinary legal signification. They will not be extended by implication in aid of a party who, having it within his power to protect himself by requiring a statutory bond, elected to accept something else. It will be observed that if the construction so far given to it by the courts be well founded, the

sureties absolutely obligate themselves to pay the amount adjudged to be due and secured by the mortgage upon affirmance. So that the plaintiff, without exhausting his remedy against the property, even though it had been of sufficient value to realize the amount adjudged to be due, could have recovered in full of the sureties, while a statutory undertaking on appeal from a judgment in foreclosure only requires the payment of any deficiency which may occur upon the sale. The obligation is in the form provided by section 1327 of the Code of Civil Procedure: "Will pay the sum recovered or directed to be paid by the judgment (or order), or the part thereof as to which it shall be affirmed," and is especially applicable to such class of judgments as that section refers to, to wit: "A judgment for a sum of money, or a judgment or order directing the payment of a sum of money." It does not embrace judgments decreeing foreclosure, the delivery of possession of real property, assignment or delivery of a document, recovery of a chattel, or directing the execution of a conveyance. For such judgments sections 1328, 1329, 1330, 1331 prescribe the undertaking necessary to be given, and do not contain the language used in this agreement, and which this court is urged to declare applicable for the purposes of a recovery on an undertaking to a situation presented and provided for by section 1331. It is conceded that this undertaking could not have operated to stay proceedings on the judgment. And while it does not follow that for such reason certain terms employed in the agreement between the parties may not be so construed as to create a liability equal to or greater than that provided by the section stating the conditions necessary to compel a stay of proceedings, still the examination given to the sections to which we have but briefly alluded is of aid to the court in that it develops that at the time of the making of this agreement the statutory use of the terms here employed did not include a case where a judgment directs the sale of a specific piece of property for the purpose of making plaintiff's demand out of the avails thereof. And so far as it may be said to contribute towards showing the

ordinary signification of the language under consideration it is in hostility to the plaintiff's position. Again, it has been determined by this court that in a decree in foreclosure there is not a "sum recovered or directed to be paid." Judge DANFORTH, speaking for this court in *Barnard* v. *Onderdonk* (98 N. Y. 167), said: "The action for foreclosure has resulted in a decree, but it is merely for the purpose of enforcing the lien of the mortgage as by a special execution. It is not for the payment of any sum of money, nor can it be docketed. If, after sale, there should appear to be a deficiency, it may, when other steps have been taken, be made a personal judgment; until then it is inchoate. Such is its present condition. As it now stands no 'amount of money' can be said 'to be recovered by it,' nor is it 'a final judgment or decree for a sum of money,' nor does it direct 'the payment of a sum of money.' It is final so far as it directs 'the sale of the property mortgaged' and the application of the proceeds (§ 1626), but beyond that all depends upon a contingency." This agreement was given after decree made in a foreclosure action, and the situation presented, therefore, comes directly within the language employed by Judge DANFORTH. Thus, within the ordinary legal signification of the terms used as determined by judicial construction, the parties cannot be said to have agreed that the amount decreed to be paid out of the proceeds of the sale of certain real estate should be paid by the sureties in the event of affirmance, for no sum "was recovered or directed to be paid by the judgment." The determination that an undertaking executed, delivered and accepted under the circumstances presented is a valid agreement, while required by authority, nevertheless, is in part supported by implication. Its effect should not also be extended by implication. In *Goodwin* v. *Bunzl* (*supra*), this question was not before the court. The judgment was in the alternative for delivery of property, or for damages, the amount thereof being determined and the issuing of execution therefor authorized.

The judgment should be reversed and a new trial granted,

with costs to abide the event, unless the plaintiff within thirty days stipulates to modify the judgment by deducting therefrom the sum of $518.30, with interest thereon from the 27th day of January, 1879, to September 20, 1886, in which event the judgment as thus modified is affirmed without costs of this court to either party.

All concur.

Judgment accordingly.