### DENIKE v. DENIKE.

(Supreme Court, Appellate Division, Second Department. May 31, 1901.)

JOINT APPEAL BOND—SUFFICIENCY.

Notwithstanding Code Civ. Proc. § 812, requiring bonds given on appeal to "be joint and several in form," a bond executed by sureties jointly and accepted by the obligee is not void, the provision being for the latter's benefit.

Appeal from Kings county court.

Action by Abraham Denike against Mary A. Denike and another. From a judgment for plaintiff, defendant Mary A. Denike appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, JENKS, and SEWELL, JJ.

H. J. Morris, for appellant.
Raphael J. Moses, for respondent.

JENKS, J. This is an appeal by the defendant from a judgment of the county court of Kings county in an action against her and her co-surety, Gorman, on an undertaking executed by them on an appeal of their principal to the court of appeals from a money judgment against him. The defendant Gorman defaulted, and judgment was entered against both defendants. There is but a single question presented by the appeal. The undertaking was in the usual form, except that it did not provide that the defendants "jointly and severally" bound themselves. The defendant Denike by separate answer denied that the defendants had executed an undertaking "pursuant to the statute in such case made and provided." The contention of the appellant rests upon the fact that section 812

of the Code of Civil Procedure provides in such a case that the bond or undertaking must "be joint and several in form." I am of opinion that the provision is for the benefit of the obligee, the plaintiff, and was doubtless enacted to protect him from the consequences like those which followed in Davis v. Van Buren, 72 N. Y. 587. If the plaintiff chose to accept the bond in that form, I think that the defendant cannot base a valid defense merely upon that fact. See Hill v. Burke, 62 N. Y. 111, 116; section 729, Code Civ. Proc. It is not shown that the principal did not secure the full benefit of the stay which depended upon the giving of the undertaking, and therefore the principles enunciated in Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194, in Carter v. Hodge, 150 N. Y. 532, 44 N. E. 1101, and similar cases cited by the learned counsel for the appellant, do not apply. The co-surety is presumably alive, and, indeed, was sued in this action. In the absence of all evidence to the contrary, it will be assumed that the obligation had full practical force and effect; and I think, therefore, the action may also be maintained under the authority of Association v. Read, 124 N. Y. 189–194, 26 N. E. 347; Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399. See, too, Carter v. Hodge, 150 N. Y., at page 538, 44 N. E. 1101.

The judgment must be affirmed, with costs. All concur.