(79 App. Div. 426.)

BRISTOL v. GRAFF et al.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1903.)

1. UNDERTAKING—LIABILITY OF SURETY—PRECEDENT EVENT.

An undertaking given to procure discharge of defendant, in an action for fraudulent conversion, from an order of arrest, reciting that obligors "undertake * * * that defendant * * * will obey the direction of the court or of an appellate court, .contained in an order or a judgment requiring him to perform the act specified in the said order of arrest, or, in default of his doing so, that he will at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him in the action," makes the liability depend on the precedent event that defendant make default in obeying an order of the court; and the fact that no such direction could be given, and there could, therefore,

be no default, does not make the surety liable, though an execution on the money judgment is returned unsatisfied, and an execution against the person returned that defendant could not be found.

McLennan, J., dissenting.

Appeal from trial term, Oswego county.

Action by Almon Bristol against Aaron A. Graff, impleaded with another. From a judgment for plaintiff on a verdict, and from an order denying a new trial on the minutes, defendant Graff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and NASH, JJ.

Rubin & Tierney and B. J. Stolz, for appellant.
Newell, Chapman & Newell, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event.

The action was upon an undertaking given to procure the discharge of James W. Shipman from an order of arrest, under section 575 of the Code of Civil Procedure. The order was made in an action wherein Shipman was defendant and this plaintiff was plaintiff. Graff, the appellant here, was a surety upon the undertaking. The only question of fact submitted to the jury was whether, at the time the undertaking was executed and delivered, it contained the words "jointly and severally." The undertaking, when produced upon the trial, did not contain those words. They were originally printed in the blank, but had been erased by drawing a pen through them. Upon a conflict of evidence, and after a serious controversy over this question, the jury found in favor of the plaintiff that the undertaking, when executed, was joint and several, as required by the statute (section 812, Code Civ. Proc.). We cannot disturb that finding. There was evidence to support it, and the finding cannot be held to be contrary to the evidence, under the well-settled principles of law governing our action on appeal. Questions of law were, however, raised upon the trial, and are here for our determination. One of them seems to be fatal to the plaintiff's right to recover in the action. The order of arrest required the sheriff to hold the defendant to "bail in the sum of $1,500, by a written undertaking, executed by two or more sufficient sureties, to the effect that the defendant shall at all times render himself amenable to any mandate which shall be issued to enforce a final judgment against him in the action." The action was for a wrong, to recover damages for the fraudulent conversion and misappropriation of moneys or property held by defendant in a fiduciary capacity, and the demand for relief was the recovery of money only. In such an action the bail could only be by an undertaking, under subdivision 3, § 575, Code Civ. Proc.; and the order of arrest correctly so directed, using the precise language of that subdivision. The defendant was arrested by the sheriff of Cortland county, and, desiring to give the bail required, went with the sheriff to the county judge's office. Plaintiff's attorney was there present, and also the attorney for the defendant, and his surety, Graff, the appellant. The county judge for some reason furnished a blank undertaking in the form used under subdivision 1

instead of subdivision 3 of the section of the Code in question. The attorney for the defendant undertook to fill up the blank, and to make it conform to subdivision 3, by erasures and interlineations in the printed form. He allowed the matter required by subdivision 1 to remain down to the words, "proceedings to punish him for the omission," erased these words, and then added the words required by subdivision 3, so that the undertaking, as prepared for execution, read as follows: "Undertake in the sum of $1,500 that the defendant, James W. Shipman, will obey the direction of the court or of an appellate court contained in an order or a judgment requiring him to perform the act specified in the said order of arrest, or, in default of his so doing, that he will at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him, in the action." The undertaking, in this form, was executed, the county judge taking the acknowledgments, and the sheriff accepted the same, and discharged the defendant from arrest. The action proceeded to judgment in the usual form for money only. An execution against property was issued, and returned unsatisfied, and an execution against the person was issued, and returned to the effect that defendant could not be found. This action was then commenced.

It is claimed that no default was made under this undertaking entitling plaintiff to recover against the surety Graff; that he did not undertake that Shipman would unqualifiedly render himself amenable to a mandate to enforce the judgment, but that he would render himself so amenable only in case of his default in obeying the direction of the court or an appellate court, thereinbefore referred to; and no such default was shown, or could be shown. No such direction could be given by the court in the action. If the undertaking had been to the effect that he would obey the order of the court, and render himself amenable to a mandate to enforce the judgment, it might be held that the provision as to obeying the direction of the court imposed no obligation in such form of action; that the words were merely surplusage, and could be disregarded as such, and effect given to the remaining words, which were sufficient under subdivision 3 of the section. We do not, however, see how the peculiar language used in this undertaking can be disregarded, and the liability held to be unqualified that Shipman shall render himself amenable to a mandate to enforce the judgment in the action. If we attempt to disregard the objectionable words, and to read the balance as indicating the real undertaking, we thereby change materially the obligations of the surety, and this we are not permitted to do. In Post v. Doremus, 60 N. Y. 371, there was an appeal to the court of appeals from an order made by the general term granting a new trial. An undertaking was given to perfect the appeal, and also to stay proceedings; the latter part providing that, if the judgment appealed from should be affirmed, or the appeal be dismissed, the appellant would pay the amount directed to be paid by the judgment, etc. It was held this latter part of the undertaking created no liability of the sureties; that such liability was dependent upon the occurrence of a precedent event; that the judgment appealed from should be affirmed, but that event could never occur, because no judgment was appealed from, and none could be affirmed. In Associa-

tion v. Read, 124 N. Y. 189, 26 N. E. 347, an undertaking to stay proceedings in a foreclosure case, instead of providing for the payment of deficiency under section 1331 of the Code of Civil Procedure, was in the form prescribed by section 1327, to stay execution on a money judgment, and provided that, if the judgment appealed from should be affirmed, or the appeal be dismissed, defendant would pay the sum directed to be paid by the judgment, etc.  It was held that the judgment appealed from did not direct any money to be paid (Barnard v. Onderdonk, 98 N. Y. 167), and therefore no recovery could be had upon the undertaking beyond the costs inserted in the judgment appealed from, even though there was finally a deficiency upon the mortgage which the defendant was liable to pay.

These cases are not entirely in point here, but they illustrate the principle that the sureties upon an undertaking are not liable beyond the language of their agreement, fairly construed.  They are not bound by any intention that may have existed, unless it is expressed in the undertaking itself.  The liability in this undertaking is made to rest upon the precedent event that the defendant made default in obeying a direction of the court; and the fact that no such direction could be given, and there could, therefore, be no default, did not operate to render the surety liable in the absence of such precedent event, the default occurring.

We conclude, therefore, that the judgment and order appealed from were improperly rendered and made, and that they should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except McLENNAN, J., who dissents in an opinion.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein.

McLENNAN, J. (dissenting).  It seems to me that the words contained in the undertaking in suit, which were evidently taken from subdivision 1 of section 575 of the Code of Civil Procedure, added in no degree to the statutory obligation of the defendant, and so may be disregarded as surplusage.  The obligation of the defendant is clearly expressed in the last clause of the bond, to wit, that Shipman "will at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him in the action."  It added nothing to that obligation to say that Shipman "will obey the direction of the court or of an appellate court contained in an order or judgment requiring him to perform the acts specified in said order of arrest."  The final judgment might be the judgment of the appellate division or of the court of appeals, but the only obligation of the defendant is that Shipman will render himself amenable to any mandate which may be issued to enforce such final judgment.  It adds nothing to say such judgment as may be rendered in the appellate court.  It is then only, and can only be, the final judgment in an action at law.  The decision in the case of Haberstro v. Bradford, 118 N. Y. 187, 23 N. E. 459, is decisive of the question.  In that case one Warren was arrested for the appropriation to his own use of moneys received by him in a fiduciary capac-

ity, and the order of arrest directed the sheriff to arrest him, and hold him to bail in the sum of $1,200. The undertaking was as follows:

"We do undertake and agree, jointly and severally, that the said defendant, William F. Warren, 'shall at all times render himself amenable to the process of this court during the pendency of the above-entitled action, and to such as may be issued to enforce the judgment herein.' "

It was held that the undertaking was good. The court said (page 194, 118 N. Y., and page 460, 23 N. E.):

"The condition embraced in the undertaking in excess of the statutory requirement is, therefore, that the defendant shall render himself amenable to the process of the court during the pendency of the action."

And at page 196, 118 N. Y., and page 461, 23 N. E., the court said:

"We think it [the clause Warren 'shall render himself amenable to the process of the court during the pendency of the above-entitled action'] cannot be held to add any additional burden or duty in an action for the recovery of money only, for that no mesne process can issue requiring the defendant to do any act during the pendency of the action. Therefore it may be treated as surplusage, and the legal quality of the instrument is not vitiated."

In the case at bar the additional condition in the undertaking in no way increased the burden of the sureties, for the reason that there could be no direction "of the court or of an appellate court contained in an order or judgment requiring him to perform the acts specified in said order of arrest" until the final judgment was entered, and except such as was contained in such final judgment. In giving the undertaking in question, the sureties assumed the statutory obligation imposed by such act, and which was correctly expressed in the last clause of the instrument. The preceding clause added nothing to such obligation, because, as was held in the Haberstro Case, supra, no order or direction by any court could be made which would legally affect the obligation of the sureties until final judgment was rendered, and then only such as could be properly rendered in a judgment at law for money only. The action against Shipman was purely an action at law. No form of equitable relief could be decreed. No liability could be established against Shipman except by the final judgment, and the only obligation which the defendant assumed was that he would render himself amenable to any mandate which might be issued to enforce such judgment. When the Haberstro Case, supra, was before the general term, the court said:

"It is not apparent, nor am I able to see, that the use of these unauthorized words of the undertaking can have any possible import in an action at law, other than such as would be furnished by their exclusion from the instrument. No requirement within the provision of the undertaking, other than that arising out of the liability established by the judgment, seems to have been possible in the action in which it was taken."

In the case of Saunders v. Hughes, 2 Bailey, 504, the bond, in addition to the statutory requirement, contained a provision requiring the defendant "to abide the event of the court and jury." It was held that the addition of such words did not render the bond invalid.

In the case of Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399, an

undertaking given on appeal from a judgment in replevin to the general term, instead of being in the form of an undertaking to stay proceedings on appeal in such an action (Code Civ. Proc. § 1329), was in the form prescribed to stay (section 1327) execution on a money judgment. It was properly served, acknowledged, approved, filed, and a copy served on plaintiffs' attorneys. In an action upon the undertaking it was held that it could be enforced.

We think the cases cited are controlling upon the questions involved upon this appeal, and support the proposition that the defendants are liable upon the undertaking executed by them. Upon the merits, unless there is some controlling authority which prevents, the defendant should be held liable. The purpose of his act in signing the bond in question was to release Shipman from the order of arrest and give him his liberty. The execution of the bond in suit accomplished that purpose, and it was prepared and executed for that purpose. Shipman then left the jurisdiction of the court, and the defendant ought not to be permitted to say, "All I did in the premises was a farce, and I incurred and intended to incur no liability thereby." Carr & Hobson v. Sterling, 114 N. Y. 558, 22 N. E. 37.

The judgment should be affirmed, with costs.