PEOPLE ex rel. KEESEVILLE, A. C. & L. C. R. CO. v. POWERS et al.

(Supreme Court, Special Term, Clinton County. August 18, 1911.)

1. MANDAMUS (§ 187*)—APPEAL—STAY OF WRIT.

Code Civ. Proc. § 1328, provides that an appeal from an order directing the delivery of a document does not stay the execution of the order until the thing directed to be delivered is brought into the court below or placed in the custody of an officer designated by it, or until appellant gives a written undertaking as prescribed in the next section. Section 1329 provides that an appeal taken from a judgment for recovery of a chattel does not stay execution until appellant gives a written undertaking in a sum fixed by a court below or a judge thereof requiring appellant to obey the direction of the appellate court. Section 2087 provides that where the writ of mandamus is issued by the Appellate Division upon an original application, it can only be stayed by an order of the same Appellate Division and section 2089 provides that where the writ is granted at a term of the Appellate Division an order staying the proceedings can only be made by a justice of the Appellate Division of the same department. A peremptory writ was ordered by the Appellate Division to be issued requiring defendants to deliver certain books and papers to the county clerk for inspection by relator, and defendants, without procuring an order staying the operation of the writ, appealed to the court of appeals and presented an affidavit to a justice of the appellate division directing the issue of a peremptory writ, and pursuant to the direction of such justice an undertaking was executed purporting to be pursuant to section 1328, but which did not expressly provide as to a stay of the writ of mandamus. *Held*, that section 1328 was not applicable to stay the writ; section 2087 being applicable, so that the giving of an undertaking under the former section did not stay the writ pending appeal.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 434; Dec. Dig. § 187.*]

2. MANDAMUS (§ 187*)—APPEAL—STAY OF PROCEEDINGS.

Section 1328 does not apply where the parties are directed by the order to deposit articles with officers of the court, only applying where a party is directed to deliver a document to another party.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 434; Dec. Dig. § 187.*]

3. MANDAMUS (§ 187*)—APPELLATE UNDERTAKINGS—ESSENTIALS.

Even if an undertaking executed pursuant to Code Civ. Proc. § 1328, relating to a stay of execution on appeal from an order directing delivery of a document, applied to stay a writ of mandamus, it would not operate as a stay where the affidavit for the undertaking did not state that either of the sureties were residents of the state, and they did not justify in twice the sum specified in the undertaking, and the undertaking was not joint and several in form, all as required by Code Civ. Proc. § 812. relating to the form of undertakings and affidavit of sureties and the fact that the undertaking was approved did not excuse noncompliance with section 812.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 434; Dec. Dig. § 187.*]

4. MANDAMUS (§ 186*)—DISOBEDIENCE TO WRIT—PUNISHMENT—MITIGATION OF OFFENSE.

Where defendants attempted to comply with the statute which they deemed applicable to stay the execution of a writ of mandamus pending appeal, and which might be so construed upon a superficial consideration. a severe penalty will not be imposed for failure to comply with the writ. though the course taken did not operate to stay it, so that no fine will

be imposed, but defendants will be ordered imprisoned until they comply with the writ, being given an opportunity of ten days to comply therewith or move for a stay pending appeal.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 424–426; Dec. Dig. § 186.*]

5. MANDAMUS (§ 187*)—STAY OF PROCEEDINGS—HEARING.

Before granting a stay, pending appeal, of a writ of mandamus requiring defendants to deliver relator's books for examination by relator, relator should have full opportunity to be heard as to the granting of the stay as well as the conditions upon which it should be granted.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 434; Dec. Dig. § 187.*]

Mandamus by the People, on the relation of the Keeseville, Ausable Chasm & Lake Champlain Railroad Company against Joseph A. Powers and others. On motion to punish defendants for contempt for failure to obey the writ. Motion granted, as stated.

See, also, 130 N. Y. Supp. 529.

Weeds, Conway & Cotter, for the motion.
Thos. O'Connor, opposed.

J. A. KELLOGG, J. The relator applied at Special Term for a writ of peremptory mandamus directing the defendants to deliver certain books and papers of the relator of which corporation the defendants had previously been officers. The motion was denied at Special Term, but upon appeal to the Appellate Division the order of the Special Term was reversed, and the writ of peremptory mandamus directed to issue requiring the delivery of the books and papers in question to the county clerk of Clinton county for inspection by the parties pending a certain litigation then in course of determination between the relator and these defendants. The writ of mandamus required the return to be made at this term. The books and papers have not been delivered, and the return has not been made. The defendants, however, after the issuance of the writ appealed to the Court of Appeals. They procured no order stating the operation of the writ of mandamus, but, claiming that section 1328 of the Code of Civil Procedure was applicable to the situation, presented ex parte to Mr. Justice Houghton an affidavit setting forth the entry of the order of the Appellate Division reversing the order of the Special Term, and directing the issue of a peremptory writ of mandamus. Upon this application Mr. Justice Houghton fixed the amount of the undertaking at $3,000, but made no express direction as to a stay. An undertaking was thereupon executed and filed, approved as to form and sufficiency by the same justice. Proof of these proceedings has been made by the defendants in connection with their preliminary objections and is relied upon by them as an excuse for failing to comply with the writ of mandamus. The fact that a writ of mandamus had been issued was not disclosed by the papers on the application to Justice Houghton.

[1] From an examination of the various provisions of the Code bearing upon this subject in controversy, I am convinced that the fixing of the amount and the filing of the undertaking did not act as a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stay. Section 1328 has no application to a writ of mandamus. If the order itself directed the delivery of the property there might be some force in the argument of defendants' counsel, but in such a proceeding the order could not so direct and did not so direct, and the condition existing was neither within the language nor the spirit of section 1328. The order merely directed the writ to issue. It is the writ of mandamus which was issued by the Appellate Division that directed action on the part of defendants which they have failed to comply with and the operation of such writ can be suspended only in the methods pointed out by the Code. This is an extraordinary writ and its direction cannot be lightly ignored.

Section 2087 of the Code goes so far as to provide that, where the writ is issued by the Appellate Division upon an original application, it can only be stayed by order of the same Appellate Division. Under this express provision even a justice of the court has no power to stay the operation of a writ originally applied for in that branch of the court. It is hardly to be believed that having provided so stringent a provision as to a writ granted by the court upon original application the only safeguard which the law intended in cases where the writ was issued after an appeal was to be the filing of an undertaking to pay a sum of money which in many cases would be entirely inappropriate.

A more consistent position is to hold that section 2089 is applicable, and that its provisions, "where the writ was granted at a term of the Appellate Division an order staying the proceedings or enlarging the time to make a return can be made only by a justice of the Appellate Division of the same department" must be controlling in the case at bar. The conclusion, therefore, would be that, until a justice of the Appellate Division ordered a stay, no excuse existed on the part of the defendants for ignoring the writ.

Even if section 1328 could in any event be deemed applicable to a writ of mandamus, the case at bar is not within the purview of the section. This writ directs the defendants "to deposit with the clerk of Clinton county at his office, all the books of account, records, record books, letter files, letter books, receipted bills or vouchers for moneys paid said Keeseville, Ausable Chasm & Lake Champlain Railroad Company, canceled checks, notes, or drafts, and papers of every description belonging to the said railroad company including all books and papers of said railroad company which came to your control or the control of either of you as officers of said railroad company or otherwise." "Books of account" and "letter books" are neither "documents" nor "personal property" within the ordinary meaning of the word.

[2] But, however this may be, section 1328 clearly refers to a situation where one party is directed to deliver a document or personal property to another, permitting at such a time the party directed to deliver to place the article in dispute in the custody of the court pending the appeal. It has no application to the case at bar where the parties are directed to deposit the articles with the officer of the court. The act commanded by this writ is the very act permitted by section 1328 in lieu of delivery to the opposing party, and is in no sense such a delivery as that section assumed to stay. To urge that this section is ap-

plicable to the case at bar ·is to say, when we bear in mind its first alternative, that the act could be stayed by a performance of the act itself; that the deposit with the clerk could be stayed by a deposit with the clerk, which reduces the contention to an absurdity.

[3] If any undertaking executed under section 1328 could act automatically as a stay, which I believe it could not,. the undertaking presented in the case at bar wholly fails to comply with the statutory requirements in three particulars: (1) There is no statement in the affidavit of the sureties that either of them are residents of this state. (2) The sureties do not justify in twice the sum specified in the undertaking. The total amount purporting to be secured by the undertaking is $3,500; the amount of the justification is $6,000. Although it is proper under section 1331 to combine the two undertakings in one instrument the amount of the justification should clearly be twice the total amount purporting to be secured. (3) As to that part of the undertaking to secure the $3,000 in question, it is not joint and several in form. All these requirements of section 812 of the Code of Civil Procedure have been disregarded. The requirements of the statute as to undertakings to stay execution must be strictly complied with. Concordia Savings & Aid Association v. Read, 124 N. Y. 189, 26 N. E. 347; Bristol v. Graff, 79 App. Div. 426, 80 N. Y. Supp. 39, affirmed 179 N. Y. 551, 71 N. E. 1129. The approval of the undertaking was not required (Code of Civil Procedure, § 1335) and of course cannot do away with the necessity of complying with the express provisions of statute.

Believing, therefore, that the filing of an undertaking under section 1328 could not in any event suspend the operation of this writ, and furthermore confident that, if such an undertaking could work such a suspension, the undertaking in question is not in form required by law for such a purpose, the conclusion necessarily results that the defendants are in contempt of court.

[4] But inasmuch as they have attempted to comply with the provisions of law which they deemed applicable and which upon a superficial consideration of the question might be so construed, I feel that no severe penalty should be imposed upon the defendants at present, and that an opportunity should be given to follow the proper practice. No fine will, therefore, be imposed as requested. The defendants should be ordered imprisoned until compliance with the writ of mandamus, but an opportunity of 10 days should be given them to comply with the writ or to move for a stay pending appeal.

[5] The defendants are seeking to deprive the relator of an opportunity to examine its own books and a stay of the writ which brings about that result should be applied for on notice so that the relator may have a full opportunity to be heard not only as to the propriety of granting the stay, but also as to the terms and conditions which should be imposed in case the stay be granted.

To longer deprive the relator of access to its own books and papers might cause great inconvenience and loss, by withholding information and perhaps proof necessary both for the timely presentation and collection of claims due to it, or necessary for successfully disputing and

defending unjust claims made against it. It is certainly a question which should not be adjudicated without giving the relator an opportunity to be heard.

An order will therefore be signed finding the defendants guilty of contempt and ordering their imprisonment until compliance with the writ, warrant of commitment not to issue however for 10 days from service of the order that the defendants may have an opportunity either to comply with the writ or serve upon the relator's attorneys notice of application returnable not less than 5 nor more than 15 days from the service thereof to a justice of the Appellate Division of this department for a stay, pending the appeal.

The relator should also have $10 for the motion.