BENEDICT BRISTOW TALBOT, Respondent, *v.* NEW AMSTERDAM CASUALTY COMPANY, Appellant.

First Department, May 18, 1923.

Guaranty and suretyship — action on undertaking — plaintiff secured divorce from her husband — husband was arrested as non-resident and while in jail was adjudged guilty of contempt and fined — undertaking by defendant to secure release of husband provided that latter would obey directions of court or in default render himself amenable to proceedings to punish him — defendant not liable on undertaking where contempt order has not been served.

In an action on an undertaking given by the defendant to secure the release from jail of plaintiff's husband, who had been arrested as a non-resident after a decree of divorce was granted to the plaintiff, it appeared that the undertaking was given while the husband was in jail and after he had been adjudged guilty of contempt and fined therefor; that the undertaking was conditioned that the husband " will obey the direction of the court, or of an appellate court, contained in an order or a judgment requiring him to perform the acts specified in the order, or in default of his so doing that he will at all times render himself amenable to proceedings to punish him for the omission." The contempt order was never served on the husband and was not delivered to the sheriff for service until six months after the husband's release from jail.

*Held,* that the defendant did not undertake that the husband would unqualifiedly render himself amenable to proceedings to punish him for contempt and no liability will arise on the undertaking until after the husband has been served with the contempt order and is in default thereon.

APPEAL by the defendant, New Amsterdam Casualty Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 9th day of June, 1922, upon the verdict of a jury rendered by direction of the court.

*Kevie Frankel* of counsel, for the appellant.

*Gay & Goddard [Matthew B. Sentner* of counsel; *C. Parker Lattin* with him on the brief], for the respondent.

FINCH, J.:

On the 12th day of March, 1913, the plaintiff obtained a decree of divorce against her husband, Hayden Talbot, in which it was provided that he should pay her alimony of $75 a month. On June 8, 1921, the plaintiff procured the arrest of said Talbot upon the ground that he was a non-resident, by reason whereof there was danger that the aforesaid judgment or any order rendered in connection therewith would be ineffectual; and he was committed and held in bail of $3,000. On July 6, 1921, and while the said Talbot was in jail, an order was made adjudging him

to be in contempt and fining him the sum of $12,500. On August 22, 1921, the defendant gave an undertaking in the sum of $3,000 for the release of the said Talbot, conditioned that the said Talbot "will obey the direction of the court, or of an appellate court, contained in an order or a judgment requiring him to perform the acts specified in the order, or in default of his so doing that he will at all times render himself amenable to proceedings to punish him for the omission."

The aforesaid contempt order was never served on Talbot, although he remained in jail for a month after said order was made. About six months after he was released said order was delivered to the sheriff for service. Talbot could not then be found, and a notice to produce was served on the defendant, and this action commenced to recover on the undertaking. The court, upon motion of the plaintiff, directed a verdict for the plaintiff. A question of the construction of the expressed words of the undertaking is, therefore, presented.

It is obvious that the defendant is not bound by the intention, if any, which is not found in the language of the undertaking. The respondent seeks to construe the undertaking as if it read that the husband would unqualifiedly render himself amenable to proceedings to punish him for contempt. The language used, however, is not that. The words import an opportunity to obey through service upon the husband, and then, and then only, can the husband be in default, and only after such default does the surety undertake that the husband will be amenable. As has been said, "It is claimed that no default was made under this undertaking entitling plaintiff to recover against the surety Graff; that he did not undertake that Shipman would unqualifiedly render himself amenable to a mandate to enforce the judgment, but that he would render himself so amenable only in case of his *default in obeying* the direction of the court or an appellate court, thereinbefore referred to, and no such default was shown or could be shown. * * * And the fact that no such direction could be given and there could, therefore, be no default, did not operate to render the surety liable in the absence of such precedent event, the default occurring." (*Bristol* v. *Graff*, 79 App. Div. 426, 429, 430.)

It follows that the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.