No. 9739.

SCOTT *v.* MARCHANT ET AL.

APPEAL BOND.—*Breach.*—*Damages.*—A complaint on an appeal bond, aver-ring that the decree against the appellant appealed from merely fore-closed a mortgage on lands, that on appeal the judgment was affirmed, that the principal debtor was insolvent, that on sale of the land by the sheriff $1,000 of the decree was left unsatisfied, and alleging for breaches of the bond that the appellant had failed to pay the judgment affirmed, that during the pendency of the appeal $200 in interest had accrued on the judgment which he had not paid, shows a right to nothing more than a nominal recovery, and, therefore, no available error was committed in sustaining a demurrer to the complaint.

From the Whitley Circuit Court.

*C. Clemans* and *A. C. Clemans*, for appellant.
*J. S. Collins* and *J. W. Adair*, for appellees.

BLACK, C.—This was an action by the appellant Phœbe Scott upon an appeal bond executed by the appellees Charles

F. Marchant and Ambrose M. Trumbull. A demurrer to the complaint for want of sufficient facts was sustained. This ruling alone is assigned as error.

It was alleged in the complaint, that the appellant commenced a suit in the Whitley Circuit Court on the 7th of November, 1876, making defendants thereto the appellee Marchant, John H. Truman, Jeremiah Zartman and others, in which suit appellant demanded by her complaint a personal judgment against said Truman, and the cancellation of a release, entered upon the record of mortgages of Whitley county by Samuel Scott, of a mortgage executed by said Truman to said Samuel Scott on land described; and she also " demanded a foreclosure as to all, and that the defendant Charles F. Marchant claimed to own said land by purchase from John H. Truman, and was made a defendant and required to set up his interest therein, and was duly served with summons and appeared by his attorneys to said suit, and a judgment of foreclosure for $1,500 was demanded by the plaintiff." It was alleged that the venue of said suit was changed to the Kosciusko Circuit Court, where issues were formed and a trial by jury was had, and, on the 16th of October, 1877, " a verdict was returned in the plaintiff's favor for the sum of $1,500, and the cancellation of the release of mortgage, and a foreclosure against all the defendants ;" that at the same term of court John H. Truman, Charles F. Marchant and Jeremiah Zartman made a motion for a new trial in writing in said cause; that on the 28th of June, 1878, the court overruled said motion, and said Marchant and others prayed an appeal to this court from "said final judgment, which judgment was rendered on the 28th day of June, 1878; which appeal was granted to said Charles F. Marchant upon the express condition that he, within thirty days from that date, would execute and file a bond in the penal sum of $1,000, payable to this plaintiff, with Ambrose M. Trumbull as surety thereon ;" that the court then and there fixed the penalty of the bond at $1,000 and approved the appellee Ambrose M. Trumbull as surety,

and granted the appeal; that on the 27th of July, 1878, said Marchant filed the bond as required by the court, in the penal sum of $1,000, with said Trumbull as surety, conditioned for the due prosecution of his said appeal, and agreeing therein to abide by and pay the judgment affirmed or rendered against him in the Supreme Court. A copy of the bond is made a part of the complaint, being a bond of the appellees to the appellant in the penal sum of $1,000, conditioned as follows: "The condition of the above obligation is such that whereas, heretofore, to wit, at the May term of the Kosciusko Circuit Court, in said State, in the year 1878, the said Phœbe Scott recovered against the above bounden Charles F. Marchant judgment of foreclosure of mortgage, from which judgment said Charles F. Marchant has prayed an appeal to the Supreme Court: Now, if said Charles F. Marchant shall duly prosecute his appeal, and abide by and pay the judgment and costs which may be rendered or affirmed against him in said Supreme Court, then this bond to be void; else in full force."

It was alleged that the appeal was duly perfected by said Marchant within sixty days from the rendering, of the final judgment; that, on the 17th of March, 1881, this court affirmed said judgment in all things against said Marchant and the other defendants therein, and a duly certified copy of the opinion rendered in said cause by the Supreme Court was by the clerk thereof returned and filed with the clerk of the Kosciusko Circuit Court, on the 20th of May, 1881, and spread upon the order-book of said court; that, on the 1st of June, 1881, a duly certified copy of the final order of sale was issued by the clerk of said Kosciusko Circuit Court, and placed in the hands of the sheriff of Whitley county, and said land was duly advertised and sold by him on the 16th of June, 1881, and one Joseph W. Adair became the purchaser thereof for the sum and price of $775; that said John H. Truman was, and for the seven years last past had been, wholly insolvent; that there remained due and unpaid upon said judgment of foreclosure the sum of $1,000, principal and interest; that

said Marchant had been in possession of said land for the eight years last past, and had used the rents and profits during the time of the appeal, three years, which were worth $700. And the plaintiff alleged as breaches of said bond, that said Marchant did not.duly prosecute his said appeal, "in this, that the judgment of foreclosure was affirmed against him, and that he has wholly failed to pay the judgment of foreclosure affirmed against him by the Supreme Court, and that the said plaintiff did not take out an execution or an order of sale upon said judgment during the time said cause and appeal was pending in the Supreme Court of the State of Indiana; that the interest accrued upon said judgment of foreclosure, during the pendency of said appeal, amounted to $250, which is unpaid." Judgment was demanded for $1,000.

In the action in which the appeal was taken, it is alleged in the complaint which we have, in substance, set out, that the plaintiff sought to recover a personal judgment against Truman, and the cancellation of the release of a mortgage, and demanded a foreclosure, Marchant being made a defendant because he claimed to own the mortgaged land by purchase from Truman. A verdict, it is said, was returned in the plaintiff's favor for $1,500, for the cancellation of the release, and for a foreclosure against all the defendants. It is not alleged that a personal judgment was rendered against Marchant, or, indeed, against any other person. In the bond, the judgment appealed from is spoken of as a judgment in favor of Phœbe Scott against Marchant for the foreclosure of a mortgage; and in this complaint the judgment appealed from by Marchant is referred to constantly as a judgment of foreclosure. The appeal was one taken " in term." By the bond Marchant would be bound only to prosecute his appeal from the judgment so far as it affected him, and to pay the judgment and costs affirmed or rendered against him in this court. Sturgis v. Rogers, 26 Ind. 1, 12. It is alleged that the appellant did not issue an execution or order of sale while the appeal was pending; but it is not alleged that she was prevented by this bond from

Scott v. Marchant et al.

enforcing collection of her judgment; and, upon the facts averred, she was not so prevented, except that she was restrained from proceeding against the land in question. To this extent only the bond operated as a *supersedeas*. She was not entitled to the possession of the land during the pendency of the appeal; therefore she was not entitled to the rents and profits thereof as such. Marchant was not, by the judgment appealed from, made liable to her for any sum of money. No judgment for money was affirmed or rendered against him on the appeal. By his appeal bond he simply caused delay in the enforcement of her judgment against his land. Since the rendition of judgment on appeal the land has been subjected to her judgment. He was not, by his bond, rendered liable to her for interest as such on her judgment not rendered against him personally. It is not alleged that he has not paid any costs adjudged against him. The value of the land at the rendition of the judgment appealed from is not stated; nor is it shown whether it depreciated or appreciated in value pending the appeal; and what amount might have been realized out of it if the sale had not been delayed is not alleged. It does not appear of what sum of money she lost the use because of the appeal, or how, by reason of the execution of the bond, the appellant has been injured substantially. If the complaint showed a cause of action for nominal damages, this court will not reverse a judgment for error which prevented the recovery of nominal damages only.

The same distinctions exist between this case and *Hinkle* v. *Holmes*, 85 Ind. 405, that were in that case pointed out as substantial distinctions between it and *Willson* v. *Glenn*, 77 Ind. 585.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellant.