### J. E. STREEPER v. BENJ. FERRIS.

(Case No. 5269.)

1. CASE APPROVED AND LIMITED.— Ferris v. Streeper, 59 Tex., 312, which declares the right of one interested in the subject-matter of litigation to make himself a party, and to assert his rights even after judgment, and move for a new trial, referred to, approved and limited.
2. SAME — SUPERSEDEAS.— One thus interested, against whom no judgment is rendered, who after judgment appears and appeals in his own right from a judgment refusing his motion for new trial, does not by such appeal affect the right of the successful party to enforce the collection of his judgment against property ordered to be sold to satisfy the judgment rendered against a third party in the cause who did not appeal.
3. DAMAGES — UNAUTHORIZED SUIT.— One who without authority brings a suit, or prosecutes an appeal in the name of another, whereby damage results to a third party, is liable therefor. Following Foster v. Dow, 29 Me., 445; Smith v. Hyndman, 10 Cush., 554, and other cases noticed in the opinion.
4. MEASURE OF DAMAGES.— The measure of damages against one who, without authority, appeals from a judgment against another in the name of such other (the judgment remaining in full force), cannot exceed the balance due on the judgment, with the costs of the proceeding in which it was rendered, and the costs of the action brought to enforce its collection.

APPEAL from Grayson. Tried below before the Hon. Richard Maltbie.

*W. W. Wilkins*, for appellant.

*Brown & Gunter,* for appellee, cited: Sumral *v.* Reid, 2 Dana, 65; Worth *v.* Smith, 5 B. Mon., 504; Graham *v.* Swiger, 12 B. Mon., 522; Janes *v.* Langham, 29 Tex., 413; Ledbetter *v.* Burns, 42 Tex., 503; Ridley *v.* Henderson, 43 Tex., 135.

STAYTON, ASSOCIATE JUSTICE.— The averments of the petition, in this case, are thus substantially stated in the brief of counsel for appellant:

" Appellant filed a suit in the district court of Grayson county against S. A. Cook and others, and obtained judgment therein, May 13, 1879, against said Cook, W. E. Arnold and Thos. L. Arnold for $2,673.96 with interest at twelve and one-half per cent., and foreclosing a vendor's lien for said amount on lot No. 10, in block 51, in the city of Denison, the judgment to be satisfied by the sale of said lot so far as Cook was concerned, he having become a bankrupt. After the rendition of the judgment, appellee, who was not a party to the suit, appeared and filed two motions, one in his own name and the other in the name of Cook, to set aside the judgment and for a new trial, alleging ownership of said lot and that he had a good defense to the action. These motions were both overruled, to which appellee excepted, gave notice of appeal, which he perfected by giving bond under article 1493 of Paschal's Digest, and prosecuted the appeal to this court, where, on April 24, 1883, the judgment was affirmed, and on the 7th of July, 1883, an order of sale was issued on the judgment, and said lot was sold on August 7, 1883, for $1,000; the appellee having been in the possession and enjoyment of said lot from the date of said judgment until the time of said sale. There being a large balance due on said judgment, the appellant filed this suit August 14, 1883, against appellee to recover said balance, or his damages sustained by reason of the appeal taken and prosecuted by the appellee as above stated. Also to foreclose an alleged lien secured by virtue of said article 1493 of Paschal's Digest, on certain lands of appellee described in his petition and owned by appellee at the time of the appeal above mentioned from appellant's said judgment. To appellant's original petition the appellee demurred generally, which being sustained, appellant filed a trial amendment October 17th."

It is necessary to make a further statement of the averments of the petition than that thus made.

The petition also alleged that the appellee filed a motion in said cause for a new trial in the name of Cook, and without his consent; and that upon its being overruled, the appellee, in the name

of Cook, without his consent, gave notice of appeal, and afterwards perfected an appeal for Cook, as well as himself, by causing a bond to be given without the consent of Cook.

It is also alleged that the property on which the lien existed had improvements on it of the value of $1,000, which were destroyed by fire while in the possession of the appellee, whereby the property was depreciated in value between the time the appeal was perfected and the sale subsequently made. It is further alleged that at the time the judgment was rendered W. E. & Thomas L. Arnold were solvent, but that pending the appeal they became insolvent, and that by reason of the appeal, prosecuted without authority, for Cook, as well as for the appellee himself, the appellant was prevented from having his execution and collecting his debt as he otherwise could have done, and that the lot, at the time the judgment foreclosing the lien on it was rendered, was of value equal to the amount of the judgment, but so depreciated before it could be sold that it was not of value greater than $1,000.

It also appears that the appellant, notwithstanding the appeal perfected in the name of Cook, sought by an action to compel the clerk of the court in which the judgment was rendered to issue a writ directing the sale of the lot, and that the appellee resisted this action, and therein a judgment was rendered on December 19, 1879, refusing a writ of *mandamus* as prayed for. The grounds for this action, or for refusing the relief, are not shown.

That appellee had the right to appeal from the judgment rendered on his motion was decided in the case of Ferris *v.* Streeper, 59 Tex., 314, and that this was the extent of his right was also there settled.

There was no judgment against him for the sum due to the appellant from the Arnolds and Cook, and an appeal in his own right only would not have affected the right of the appellant to process to enforce the collection of the judgment by sale of the property on which the lien was established, and by execution against the Arnolds, if necessary, after a sale of the property, which the petition alleges was made necessary by the judgment, before an execution could issue.

To correct what the appellee deemed errors in the judgment rendered on his motion, he appealed and gave a bond which was not a *supersedeas* bond, and it is unimportant to inquire whether the appeal bond was executed under art. 1492 or art. 1493, P. D.; for if executed under either of these articles, no judgment could have been rendered against the appellee by this court, on that ap-

peal, other than a judgment for costs; and upon his appeal, he could not affect the judgment standing against the Arnolds and foreclosing the lien on the lot as against Cook.

There was no judgment establishing any debt other than for costs of his motion against him, nor was any other judgment claimed or sought by appellant against him.

This being true, we do not perceive how the appellee, by availing himself of the legal right to have the judgment against him on his motion revised by this court, has become liable to pay to the appellant the balance of the judgment uncollected by reason of the subsequent insolvency of the Arnolds, or depreciation of the value of the property on which the lien was established. He might be so liable if it were shown that the depreciation in the value resulted from some wrongful act of the appellee, which the mere prosecution of an appeal from the judgment on his motion certainly was not.

The petition, however, goes further, and alleges that not only did the appellee prosecute an appeal from the judgment on his motion, but that without authority he filed a motion in the name of Cook, gave notice of appeal, and perfected it by executing bond for Cook, as well as for himself.

This, under the averments of the petition, he had no right to do.

As before said, in so far as the appellee did nothing more than to prosecute an appeal from the judgment overruling his motion, he incurred no liability to the appellant for anything more than the costs of the district court on the motion, and the costs of this court on the appeal from the judgment on the motion; hence, no liability of himself or property to pay the debt due to Streeper from the Arnolds, and from Cook, prior to his discharge in bankruptcy, arose from anything which he did in that matter.

But the inquiry arises whether the appellee, by his unauthorized perfecting of an appeal for Cook, who was a party to the main judgment, whereby, although no *supersedeas* bond was given, the appellant was prevented from enforcing his judgment against the property on which the lien was established pending the appeal, and from enforcing the judgment against the Arnolds, if necessary, has not incurred a liability to the appellant, if by this wrongful act damages have resulted to him.

While every person has the right to resort to the courts for the enforcement of any right pertaining to himself, without liability for damages other than such as are imposed by way of costs in case the claim is adjudged to be unfounded, and so, even though the claim

be groundless, except as this rule may be affected by the malice of a plaintiff, or by contract by way of bond given to procure some extraordinary writ, yet it is not true that one may claim this immunity from damages, who, without authority, institutes a proceeding in the name of another person in reference to a matter affecting the right of such other person alone.

This rule is thus stated: "Akin to malicious prosecutions, though not identical with them, are unauthorized suits brought in the name of a party without his direction or consent. The action is in such case a groundless proceeding irrespective of any merits it might have had if legitimately brought. The person so acting without authority is liable to make good the damage sustained, and it has been said that though the person in whose name it is brought would have had a right to maintain it, this circumstance will afford no reason for reducing the damages." 2 Sedgwick on Measure of Damages, 532; citing Foster v. Dow, 29 Me., 445; and Smith v. Hyndman, 10 Cush., 554, which sustain this general rule; as does the case of Bond v. Chapin, 8 Metc., 32.

If, then, as alleged in the petition in this case, Ferris perfected an appeal in the name of Cook, without authority from him to do so, he, in effect, prosecuted a suit without authority of the person who had the right to prosecute it, and in that person's name.

This was a clear violation of the right of Streeper, through which he was delayed in enforcing the judgment in his favor, to which Ferris was not a party, until the property on which the judgment declared a lien, while in the possession of Ferris, had been in part destroyed, and otherwise depreciated in value, and until the Arnolds had become insolvent, during all of which time, by the accrual of interest, the judgment was growing, while the means for realizing upon it were diminishing.

For, as before said, an appeal by Ferris from the judgment overruling his motion, whatever might have been the character of appeal bond, would not have suspended the right of Streeper to have process to collect his debt evidenced by the judgment against the Arnolds and Cook, by sale of the property on which the lien was declared, and, if necessary, by execution against the Arnolds.

An appeal, however, by Cook, who was a party to that judgment, whether the bond was a *supersedeas* bond or a bond under article 1493, Paschal's Digest, would have had the effect of suspending the enforcement of the judgment so long as the cause was pending in this court on appeal.

While we are of the opinion that the petition states a good

cause of action, yet it asserts many claims which cannot be maintained.

Whatever right Streeper has against Ferris grows out of the facts alleged, and not out of the bond given to secure the appeal. No lien exists on any property now or heretofore belonging to Ferris, as would have existed had there been a judgment establishing an indebtedness against him from which he had appealed, giving bond under article 1493, Paschal's Digest.

Streeper, not being the owner of the property on which the lien was declared, certainly was not entitled to rent for it, pending the appeal.

The question of measure of damages has not been discussed, but we deem it proper to say that the utmost limit of the recovery, under the facts stated in the petition, could not exceed the balance due on the judgment against the Arnolds and Cook, with the costs of this and that action, and whether the appellant will be entitled to so much, will of course depend on the extent of actual injury he may show, by proper evidence, to have resulted to him from the delay caused by the unauthorized act of Ferris; for his damages must be restricted to the actual injury done to him by the delay caused by the unauthorized appeal prosecuted by Ferris in the name of Cook.

If it should appear that the appeal in the name of Cook was by him authorized, then Streeper is not entitled to any relief against Ferris on account of the delay, depreciation in value of property, insolvency of the Arnolds, or for any other reason.

The following cases may be profitably consulted upon the measure of damages, although they are cases arising upon appeal bonds: Cook v. Marsh, 44 Ill., 179; Wood v. Fulton, 2 Harris & Gill, 72; Jenkins v. Hay, 28 Md., 548; Keen v. Whittington, 40 Md., 498.

For the error of the court in sustaining the demurrer to the petition, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 17, 1885.]