## J. B. ADOUE ET AL. v. B. S. WETTERMARK.

Decided March 15, 1902.

**1.—Appeal—Supersedeas Bond—Liability—Foreclosure.**

In an action of debt and for foreclosure of a mortgage a third party was made a defendant in order that the foreclosure might be binding on it also. Plaintiff obtained a judgment for his debt against the mortgagor, with a decree of foreclosure as against both defendants, and the third party alone appealed, giving the statutory supersedeas bond (Revised Statutes, article 1404) in double the amount of the judgment and conditioned that appellant should perform the judgment of the appellate court and pay all damages it should award against

Vol. 28 Civil—38.

him. The appellate court affirmed the judgment below and entered judgment in the usual form against the makers of the supersedeas bond in favor of appellees, the plaintiff and the defendant mortgagor, that they recover of the bondsmen "such amounts as were adjudged to them by the court below." Held, that such judgment was not to be construed as rendering appellant liable on the supersedeas bond for the entire money judgment rendered below against the mortgagor, but that, since the appeal had not suspended plaintiff's right to execution against the mortgagor, appellant's liability on the bond was not intended by such judgment to be extended beyond the loss occasioned by the suspension of the foreclosure sale.

**2.—Injunction—Relief Against Judgment—Enjoining Execution—Jurisdiction.**

Where the judgment of the appellate court, when properly construed, did not render the appellant and his bondsmen liable for the debt for which plaintiff had recovered judgment below against another party, the original defendant mortgagor, appellant was entitled to resist execution under such judgment of affirmance against him and his bondsmen for the entire amount of such debt and judgment below by injunction from a court other than that rendering the judgment of affirmance, and was not restricted to motion in that court and application to the Supreme Court for writ of error.

**3.—Judgment—Construction of—Presumption.**

In construing a judgment of another Court of Civil Appeals it will be presumed, in the absence of a clear expression to the contrary, that such sister court holds the same view of the law on which the judgment is based as does this court.

**4.—Same—Dismissal—Res Adjudicata.**

Where a cause is dismissed for want of jurisdiction the judgment is not res adjudicata on the merits.

Appeal from Dallas.  Tried below before Hon. Richard Morgan.

*Cobb & Avery,* for appellants.

*Blount & Garrison* and *Crane & Greer,* for appellee.

TEMPLETON, Associate Justice.—J. B. Adoue sued the Petri Lumber Company on a debt and to foreclose a mortgage lien on a lot of mill machinery. The Burmea Land and Lumber Company was made a defendant and a foreclosure of the mortgage lien was sought against it. The suit was brought in one of the district courts of Dallas County. The Petri Lumber Company made default. The Burmea Company answered and attempted to prevent a foreclosure again it. The case was tried on April 12, 1898, and judgment was rendered in favor of Adoue against the Petri Company for $13,882, and a decree of foreclosure was entered against both defendants. The personal judgment against the Petri Company reads thus: "It is therefore considered and adjudged by the court that the plaintiff, J. B. Adoue, do have and recover of the Petri Lumber Company (a corporation) the sum of $13,882, with interest thereon from this date until paid at the rate of 8 per cent per annum, together with his cost in this behalf expended, for which let execution issue." The judgment then proceeds to decree a foreclosure of the lien against both defendants, and direct the issuance of an order of sale providing for the seizure and sale of the mortgaged property and commanding the officer holding the order of sale, in

case the proceeds of the sale should be insufficient to satisfy the judg-
ment, to make the unpaid balance out of any other property of the
Petri Company, as in all ordinary executions. The decree concludes as
follows: "To all of the foregoing judgment the defendant, the Burmea
Land and Lumber Company, excepts and in open court gives notice of
an appeal to our Court of Civil Appeals." The court did not find or
assess the value of the mortgaged property.

The Bermea Company perfected its appeal by giving a supersedeas
appeal bond with B. S. Wettermark and Giles R. Crain as sureties.
The bond was in the usual form, containing the requisites and being
conditioned as prescribed by article 1404, Revised Statutes. The judg-
ment appealed from was properly described. The bond was in the sum
of $30,000, and was payable to Adoue and to the Petri Company.

The case found its way to the Court of Civil Appeals of the Third
District, where the judgment was affirmed on March 15, 1899. Lum-
ber Co. v. Adoue, 50 S. W. Rep., 131. The judgment rendered in that
court, omitting the style of the case, reads thus: "This cause came on
to be heard on the transcript of the record, and the same being in-
spected, because it is the opinion of the court that there was no error
in the judgment, it is therefore considered, adjudged, and ordered that
the judgment of the court below be in all things affirmed; that the ap-
pellees, J. B. Adoue and the Petri Lumber Company, a corporation, do
have and recover of and from the appellant, the Bermea Land and Lum-
ber Company, principal, and its sureties, B. S. Wettermark and Giles R.
Crain, such amounts as were adjudged to them by the court below, and
all costs in this behalf expended, and this decision be certified below
for observance."

In due time mandate issued and was filed in the trial court. There-
upon an order of sale was issued as provided in the original judgment,
except that it contained an additional direction to the officer executing
the writ commanding him to make any balance of the judgment remain-
ing unpaid after the sale, out of the Bermea Company and the sureties
on its supersedeas bond. Under this writ the mortgaged property, ex-
cept a few insignificant items which could not be found, were seized and
sold, leaving a large balance unpaid on the judgment in favor of Adoue
against the Petri Company. That company and the Bermea Company
being insolvent, the officer holding the order of sale levied the same
on property of Wettermark, one of the sureties on the supersedeas bond.
Wettermark brought suit in the District Court of Nacogdoches County
against Adoue, the clerk who issued the writ and the sheriff who
levied it, to enjoin the writ and the levy and sale thereunder. He
obtained judgment in the District Court, but on appeal to the Court
of Civil Appeals of the First District the judgment was reversed and
the suit dismissed. Adoue v. Wettermark, 22 Texas Civ. App., 545.
The judgment of dismissal was based on the ground of want of juris-
diction.

The clerk of the District Court of Dallas County thereupon issued

a venditioni exponas commanding the sheriff to proceed to sell under the levy made by virtue of the original writ. Wettermark then instituted this suit in the court which tried the original cause. Adoue, the plaintiff in the judgment, and the officers who issued and levied the writs were made defendants. Wettermark sought to enjoin the collection from him of the unpaid balance of the judgment in favor of Adoue against the Petri Company, and on a trial secured a decree to that effect. This appeal followed.

There is no dispute as to the facts. The question in the case is whether the appellant Adoue is entitled to collect the balance remaining unpaid on his judgment against the Petri Company out of appellee, Wettermark.

The right of a party aggrieved by a judgment rendered against him in the trial court to appeal therefrom, while not guaranteed to him as a necessary incident to a fair and impartial trial, is universally recognized throughout the United States. It has ever been the policy of the laws of Texas to secure the citizens of the State in the enjoyment of the right. The only limitation on the exercise of the right is the requirement of the giving, by the appellant, of such bond as will indemnify the appellee against damages occasioned by the appeal in case the same is not successfully prosecuted. The rule applies to all cases except those where the amount in controversy is too insignificant to warrant a continuance of the litigation. The right to suspend the enforcement of the judgment pending the appeal is almost as material and valuable as the right to appeal at all, and has been so regarded and provided for by our lawmakers.

On an appeal from a judgment such as that in favor of Adoue against the two lumber companies, the appellant was bound, unless unable to give bond at all, to make the cost bond provided by article 1400, Revised Statutes, or the supersedeas bond provided by article 1404. It is clear that had the Bermea Company given the cost bond it and its sureties would not, on an affirmance of the judgment, have become liable for the sum adjudged to Adoue against the Petri Company. It did not give the cost bond because it desired to suspend the enforcement of the decree of foreclosure against it pending the appeal, and could do so only by giving a supersedeas bond. The only supersedeas bond which could be given was that provided by article 1404, and such bond was accordingly entered into. The purpose of making such bond is manifest. The Bermea Company was aggrieved by the decree of foreclosure against it. It desired to have the decree revised by the appellate courts. It wished to prevent the execution of the decree until it could be determined whether the same had been properly entered. It had a right to so appeal, and to so delay the execution of the decree. It could avail itself of the right only by giving the statutory supersedeas bond. The bond was necessarily in the amount and payable and conditioned as prescribed by the statute. Was it intended by the Legislature that the principal and sureties on such bond should become liable on a judg-

ment against other parties and in which they were not concerned? To so hold would have the effect in many cases, of placing a penalty upon the assertion of a right. The facts of this case are sufficiently strong to illustrate the truth of the statement. The Petri Company owed Adoue a large debt, secured by a mortgage on property worth little more than one-tenth of the debt. The Bermea Company claimed the property and denied the right of Adoue to a foreclosure against it. The trial court decided that Adoue was entitled to a foreclosure, and the Bermea Company wanted the higher courts to determine whether the decision was correct. It was unwilling that the property claimed by it should be subjected to the judgment against the Petri Company until it should be finally determined that its claim of no lien was unfounded. The right of the Bermea Company to so appeal and to so suspend the decree can not be questioned. It could secure the right only by giving the bond executed by it. If the statute is to be construed to mean that the Bermea Company, by making the bond aforesaid, became liable for the judgment against the Petri Company, in case of affirmance, then the right to appeal and suspend the enforcement of the decree of foreclosure against it was coupled with the condition that it should bind itself to pay a very large debt and judgment for which it was in no way liable. In other words, such a construction of the statute would mean simply that a penalty is imposed for the assertion of a right. If such construction is adopted it would bar supersedeas appeals in cases like this and deprive the aggrieved party of a right enjoyed by every other citizen. Such a construction is inadmissible, unless absolutely required by the plain letter of the statute. Obviously it was the purpose of the statute, by compelling the giving of the bond required, to secure indemnity to the appellee. This object of the statute is fulfilled when the bond is so construed as to hold the principal and sureties thereon liable to the appellee for whatever damages he has sustained by reason of the appeal. In many of the States a special bond in such cases is provided for by statute, and it may be regretted that the Legislature of this State has overlooked the necessity for a similar law. But it is incredible that our lawmakers intended to impose an unjust penalty upon a party for the assertion by him of a material, valuable, and settled right. We think it is clear that the Legislature intended a supersedeas appeal bond to be construed as furnishing indemnity and not as providing for a penalty. The general form of bond required by the statute is sufficient to afford indemnity to the appellee in a case like this, and can not be construed as doing more.

The giving of the supersedeas bond did not suspend the execution of the judgment against the Petri Company pending the appeal, except in so far as the judgment provided for the sale of the mortgaged property. Notwithstanding the appeal of the Bermea Company, Adoue might have had execution against the Petri Company and have pro-

ceeded to collect his money judgment against it. Any property, subject to execution, which was owned by the Petri Company was liable to seizure under Adoue's judgment. The judgment is not so worded as to compel Adoue to exhaust the mortgaged property before resorting to a levy on other property of the Petri Company. Frieberg v. Embree, 1 White & W., sec. 1095; Struper v. Ferris, 64 Texas, 12. Such being the case, the damages suffered by Adoue on account of the appeal of the Bermea Company should not be measured by the amount of the judgment against the Petri Company. By executing the bond in question, the Bermea Company and its sureties became liable to Adoue, in case the judgment against it was affirmed, for the value of the mortgaged property. If the said property had been destroyed, or if it had been placed beyond reach of execution, or if it had depreciated in value while the appeal was pending, then the appellant and its sureties were bound to make good the loss sustained by Adoue. Interest on the value of the property and costs of the appeal should also be included. These damages could be ascertained in a proper action on the bond.

We conclude that the supersedeas bond given by the Bermea Company did not bind it and its sureties to pay the judgment against the Petri Company. Blair v. Sanburn, 82 Texas, 689; Crumley v. McKinney, 9 S. W. Rep., 159; Struper v. Ferris, 64 Texas, 12; Stephens v. Shannon, 44 Ark., 178; Titlow v. Oatmeal Co., 48 Pac. Rep. (Wash.), 406; Scott v. Marchant, 88 Ind., 349; Kaphart v. Bank, 4 Mich., 602; Gilbert v. Bamberger, 44 S. W. Rep. (Ky.), 421; Association v. Read, 124 N. Y., 189; Supervisors v. Kennicott, 103 U. S., 555.

Appellants contend that the judgment of affirmance is a judgment in favor of Adoue against the Bermea Company and its sureties for the amount of the judgment in his favor against the Petri Company, and that, even if such judgment is erroneous, it can only be questioned by proper motion in the court rendering it, or by application to the Supreme Court for writ of error. We do not concur in the contention that the judgment is of the character claimed. The judgment, which is set out in full above, is in the language of the usual form employed by the appellate courts of the State when cases in which there are supersedeas appeal bonds are affirmed. The fact that a form so general in its terms was used, authorizes a latitude of construction which might be otherwise unwarranted. It is significant that the judgment awards to the Petri Company the amount recovered by it in the trial court, when in fact it had recovered nothing. We will assume, in the absence of a clear expression to the contrary, that our sister court holds the view we take as to the legal liability of the principal and sureties on the bond, and as a judgment against them for the Petri Company's debt was unauthorized, it will be presumed that no such judgment was rendered unless the language of the judgment forbids the presumption. The judgment is that the judgment of the court below be affirmed, and that Adoue recover of the Bermea Company and its sureties such amounts

as were adjudged to him by the court below.  The contention of appellants is that this means Adoue recovered of the Bermea Company and its sureties the amounts adjudged to him against the Petri Company, while the appellee insists that it means that Adoue recovered of the said parties the amounts adjudged against the Bermea Company.  If we adopt the contention of appellants, we in effect hold that the court entered an illegal and unauthorized judgment.  The issues in controversy on that appeal were solely between Adoue and the Bermea Company; the judgment against the Petri Company was not before the court for revision.  It is reasonable to suppose that the court, in entering the judgment, had in mind the controverted issues only, and that it did not consider questions not involved in the decision of the case.  The judgment appealed from was the decree of foreclosure against the Bermea Company, and the affirmance of that judgment required the entry of a judgment fixing the liability of the appellant and its sureties for the damages recoverable by the appellee, and did not necessitate any decree concerning the judgment against the Petri Company.  The language of the judgment will be held, therefore, to relate to the matters to be adjudicated, and not to questions not in controversy.  This requires the adoption of the construction contended for by appellee, that the effect of the judgment was to finally determine the liability of the Bermea Company and its bondsmen for the damages sustained by Adoue by reason of the appeal.  The judgment should be considered as a whole, keeping in view the issues before the court and the proper judgment to be rendered, and when this is done, we think it is clear that the construction contended for by appellants must be rejected, and that the only fair and reasonable construction of the judgment is to hold it to be a mere judgment affirming, with costs of appeal, the decree of foreclosure against the Bermea Company entered by the trial court, and concluding the liability of said company and its sureties for whatever damages which might thereafter, in the proper proceeding, be shown to have been suffered by Adoue in consequence of the appeal.  By the judgment of the Court of Civil Appeals the judgment of the court below was in all things affirmed.  The judgment which was affirmed was simply a judgment of foreclosure against the Bermea Company.  If the judgment of affirmance should be construed as a judgment against the Bermea Company for the debt of the Petri Company, it would not be a judgment of affirmance, but would amount to a reformation of the judgment appealed from and the rendition of an entirely different judgment from that rendered by the trial court.  Our conclusion is that the Court of Civil Appeals did not render judgment against the Bermea Company and its sureties for the amount of the judgment against the Petri Company.

It is insisted by appellants that the suit of appellee against them which was brought in the District Court of Nacogdoches County and dismissed by the court for want of jurisdiction is res adjudicata of the

cause of action sued on herein. A judgment is res adjudicata only when the court rendering it had jurisdiction of the cause of action. As the District Court of Nacogdoches County had no jurisdiction of the suit of appellee filed in that court, and as the suit was dismissed because of that fact, the contention of appellants must be overruled.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.