DOOLEN et al. v. HULSEY et al. (No. 1090.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 11, 1916.)

1. APPEAL AND ERROR ☞382 — SUPERSEDEAS BOND—SUFFICIENCY—AMOUNT—STATUTE.

Where there was a money judgment against a part of the defendants, and a decree foreclosing a lien on land against all parties, without any money judgment against the appellants, a supersedeas bond given under Rev. St. 1911, art. 2101, with a nominal penalty of $300, not double the amount of the money judgment, but far in excess of the costs, not purporting to be a cost bond under article 2097, and further conditioned under article 2102, providing for a supersedeas where the judgment is for the recovery of land or other property, was insufficient, where the money judgment exceeded the penalty denominated.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2036–2041; Dec. Dig. ☞ 382.]

2. APPEAL AND ERROR ☞1234(4) — SUPERSEDEAS BOND—EFFECT.

Under Rev. St. 1911, art. 2101, providing for a supersedeas bond where the intention is to stay the judgment, the appellants, where the bond is in the form of the statute, are not necessarily required to pay the judgment in the event of defeat, as the bond is merely one of indemnity, and not one of penalty for the amount of the money judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4772; Dec. Dig. ☞1234(4).]

Appeal from District Court, Childress County; J. A. Nabers, Judge.

Action by G. W. Hulsey and others against J. H. Doolen and others. Judgment against part of the defendants, with decree of foreclosure of a lien on land against Rennell and the Childress Loan & Investment Company, and they, with others, appeal. On motion to dismiss appeal. Sustained.

Jos. H. Aynesworth and W. B. Howard, both of Childress, for appellants. M. J. Hathaway, Fires & Diggs, and J. W. Davidson, all of Childress, for appellees.

HENDRICKS, J. A judgment for money was rendered in favor of certain parties and against a part of the defendants in this cause, not necessary to enumerate, and in the proceeding a decree of foreclosure of a lien on land was rendered against all parties, among whom were the appellants Rennell and the Childress Loan & Investment Company. No money judgment was rendered against them, and the bond on appeal executed by them partakes to some extent of the nature of a cost bond, under Rev. St. 1911, art. 2097, has some of the attributes of a supersedeas bond, provided by article 2101, and is further conditioned under article 2102, also providing for a supersedeas, where the judgment is for the recovery of land or other property, in effect that appellants will pay, if the judgment is affirmed, the value of the rent or hire of the property in any suit which may be brought therefor. The nominal penalty in the bond is the sum of $300, which is twice the probable amount of the costs, fixed by the clerk for the appeal of the case, instead of double the amount of the money judgment rendered in the case; but it also stipulates that the appellants shall perform the judgment of the appellate courts, if rendered against them, and pay all such damages as may be awarded against them, likewise the value of the rent or hire of the property as stated.

[1, 2] The motion to dismiss asserts that the obligation is conditioned as a supersedeas bond, but is insufficient, in that the money judgment exceeds the penalty denominated. We sustain the motion. It is not a supersedeas bond under article 2101, in that it is not double the amount of the judgment; it is not a cost bond, in that it purports to be a supersedeas bond; and we conclude that article 2102, providing for a supersedeas, where land or other property is recovered, has no application whatever. Abstractly we concede the argument that the courts are reluctant in denying the right of appeal, but the statute (article 2101), literally at least, provides for a bond where the intention is to stay the judgment and can be followed. However, appellants are mistaken, as suggested in their reply to the motion, that in this character of case, if the bond is in the form of the article of the statute for supersedeas, that necessarily they would be required to pay the judgment, in the event of defeat. The bond, though the statute should be followed to gain the right of appeal, is merely one of indemnity, and not one of penalty for the amount of the money judgment. What constitutes the indemnity, as measured by any rule of damages, is a matter of subsequent consideration if it arises.

Not to be able to stay the execution of the judgment of foreclosure might be a great hardship on appellants, but not to sufficiently indemnify the appellees, in the event of a defeat, when retarded in the collection of their judgment, might constitute a wrong to them. But in order to supersede, we think, as said by Justice Templeton, in the case of Adoue v. Wettermark, 28 Tex. Civ. App. 596, 68 S. W. 553, "the only supersedeas bond which could be given was that provided by article 1404" (now article 2101). The obligors in the bond in that cause had the same status, in relation to the judgment rendered, as the appellants here, and, while the language used was upon a turn of the case involving a recovery on the bond after the appeal was determined, we think the rule and the reasoning are correct, and the case affords an able discussion, reinforced by the denial of a writ of error, on a question otherwise considerably vexed.

The motion to dismiss is sustained, with the right to appellants under the statute to prepare and file a sufficient bond within 15 days from the date of this order.