### GARRETT et al. v. KATZ et al.

Court of Civil Appeals of Texas. Dallas.

April 19, 1930.

Crate Dalton, of Dallas, for the motion.

E. G. Senter and J. L. Lipscomb, both of Dallas, opposed.

LOONEY, J.

M. Katz recovered judgment for debt below against R. L. Garrett and wife, Flora Gar-rett, with foreclosure of a mechanic's lien on the land involved, against Garrett and wife and Crate Dalton, who was asserting title to half interest in the land. These parties appealed on a cost bond, conditioned as required by article 2265 (2097) (1400) (1400) R. S. 1925, and Dalton, in addition, gave a supersedeas bond with H. C. Headington and A. H. Mc-Whorter, sureties, conditioned as required by article 2270 (2101) (1404) (1404) R. S. 1925. On November 23, 1929, we affirmed the judgment below in all respects, except as to the personal judgment for debt against Mrs. Garrett. 23 S.W.(2d) 436, 443. Appellants' first motion for rehearing was overruled January 11, 1930; their second motion was overruled February 10, 1930; their application for writ of error was refused by the Supreme Court March 5, 1930; motion for rehearing thereon was overruled March 26, 1930, and the case is now before this court for further proceedings.

Dalton and sureties on the supersedeas bond present a motion to correct the judgment entered by this court, on the ground that, in so far as the judgment runs against them for the indebtedness recovered by Katz against Garrett, it was neither authorized by the supersedeas bond nor statute, and therefore its entry was a mistake.

■ The judgment entered by this court, after using apt words of affirmance, adjudged half the costs against the principal and sureties on the cost bond, half against the principal and sureties on the supersedeas bond, and, in addition, the following language was employed: "And the amount found and adjudged by the court below to be secured by the mechanic's and deed of trust liens foreclosed on, which judgment was appealed from by appellant Crate Dalton." No judgment for debt was rendered against Dalton in the court below; simply a decree of foreclosure as to him, from which he appealed and superseded the judgment. On affirmance, he and sureties on the supersedeas bond became obligated to pay court costs and whatever damages Katz may have sustained by reason of the appeal, but were not obligated for the indebtedness adjudged in favor of Katz against Garrett; hence, the judgment entered by this court, to that extent, was unauthorized, its entry a mistake, and the language hereinbefore quoted should be stricken out.

The identical question under consideration was before this court in Adoue v. Wettermark, 28 Tex. Civ. App. 593, 68 S. W. 553, 555. Judge Templeton, in the course of an able opinion, speaking for the court, used the following language:

"Obviously, it was the purpose of the statute, by compelling the giving of the bond required, to secure indemnity to the appellee.

This object of the statute is fulfilled when the bond is so construed as to hold the principal and sureties thereon liable to the appellee for whatever damages he has sustained by reason of the appeal. In many of the states a special bond in such cases is provided for by statute, and it may be regretted that the legislature of this state has overlooked the necessity for a similar law. But it is incredible that our lawmakers intended to impose an unjust penalty upon a party for the assertion by him of a material, valuable, and settled right. We think it is clear that the legislature intended a supersedeas appeal bond to be construed as furnishing indemnity, and not as providing for a penalty. The general form of bond required by the statute is sufficient to afford indemnity to the appellee in a case like this, and cannot be construed as doing more."

The court then concludes with this statement:

"We conclude that the supersedeas bond given by the Bermea Company did not bind it and its sureties to pay the judgment against the Petri Company. Blair v. Sanborn, 82 Tex. 689, 18 S. W. 159; Crumley v. McKinney (Tex. Sup.) 9 S. W. 159; Streeper v. Ferris, 64 Tex. 12; Stephens v. Shannon, 44 Ark. 178; Titlow v. Oatmeal Co. [16 Wash. 676], 48 P. 406; Scott v. Marchant, 88 Ind. 349; Kephart v. Bank, 4 Mich. 602; Gilbert v. Bamberger (Ky.) 44 S. W. 421; [Concordia Sav. & Aid] Association v. Read, 124 N. Y. 189, 26 N. E. 347; Supervisors [of Wayne County] v. Kennicott, 103 U. S. 555, 26 L. Ed. 486."

Writ of error was refused by the Supreme Court, and the case has been since followed in Ferrell, etc., Co. v. McCormac (Tex. Civ. App.) 184 S. W. 1081, 1090, and in Doolen v. Hulsey (Tex. Civ. App.) 188 S. W. 1009.

■ The motion under consideration brought to our attention the error in the judgment, which, in our opinion, should be corrected, and, as the term of court at which it was entered has not ended, we sustain the motion as such, and also, in the exercise of the inherent power of court, direct that the judgment be corrected by deleting the language hereinbefore quoted. This order is made, however, without prejudice to the right of M. Katz to recover in a separate action on the supersedeas bond, if the facts justify, any damages occasioned by the appeal. Chestnutt v. Pollard, 77 Tex. 86, 13 S. W. 852; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040, 1041; Henningsmeyer v. First State Bank, 109 Tex. 116, 195 S. W. 1137, 201 S. W. 652; Freeman on Judgments (5th Ed.) vol. 1, p. 281, parag. 145.

The clerk will therefore correct the judgment entry, so as to conform to this order.