### R. B. SPENCER & CO. v. TEXAS PACIFIC COAL & OIL CO

No. 13278.

Court of Civil Appeals of Texas. Fort Worth.

May 3, 1935.

Nat Harris and Mabel Grey Howell, both of Waco, for appellant.

Eugene T. Adair, of Fort Worth, for appellee.

LATTIMORE, Justice.

Appellee sued defendants, not appealing, for debt and foreclosure on real estate, and made appellant a party as asserting a lien claimed by appellant to be superior but in fact, as alleged by appellee, inferior to appellee's lien.

The trial court resolved the issues in favor of appellee and appellant has appealed, the only issue being the priority in rank of the liens.

Appellant made a supersedeas bond and the case is in this court awaiting trial. Recently, appellee has had issued in the court below an order of sale on the judgment of the trial court, and appellant prays that such sale be enjoined. Appellant is entitled to supersedeas. Houtchens v. Mercer, 119 Tex. 431, 29 S.W.(2d) 1031, 69 A. L. R. 1103. The reasoning to be followed in this case is aptly stated in Adoue v. Wettermark, 28 Tex. Civ. App. 593, 68 S. W. 553, 554, as follows: "It has ever been the policy of the laws of Texas to secure the citizens of the state in the enjoyment of the right. The only limitation on the exercise of the right is the requirement of the giving by the appellant

of such bond as will indemnify the appellee against damages occasioned by the appeal in case the same is not successfully prosecuted. * * * It is clear that, had the Bermea Company given the cost bond, it and its sureties would not, on an affirmance of the judgment, have become liable for the sum adjudged to Adoue against the Petri Company. It did not give the cost bond because it desired to suspend the enforcement of the decree of foreclosure against it pending the appeal, and could do so only by giving a supersedeas bond. The only supersedeas bond which could be given was that provided by article 1404, and such bond was accordingly entered into. The purpose of making such bond is manifest. The Bermea Company was aggrieved by the decree of foreclosure against it. It desired to have the decree revised by the appellate courts. It wished to prevent the execution of the decree until it could be determined whether the same had been properly entered. It had a right to so appeal, and to so delay the execution of the decree. It could avail itself of the right only by giving the statutory supersedeas bond. The bond was necessarily in the amount and payable and conditioned as prescribed by the statute. * * * The facts of this case are sufficiently strong to illustrate the truth of the statement. The Petri Company owed Adoue a large debt, secured by a mortgage on property worth little more than one-tenth of the debt. The Bermea Company claimed the property, and denied the right of Adoue to a foreclosure against it. The trial court decided that Adoue was entitled to a foreclosure, and the Bermea Company wanted the higher courts to determine whether the decision was correct. It was unwilling that the property claimed by it should be subjected to the judgment against the Petri Company until it should be finally determined that its claim of no lien was unfounded. The right of the Bermea Company to so appeal and to so suspend the decree cannot be questioned. It could secure the right only by giving the bond executed by it."

Justice Templeton further aptly says in regard to denying effect to the supersedeas bond: "Such a construction is inadmissible, unless absolutely required by the plain letter of the statute. Obviously, it was the purpose of the statute, by compelling the giving of the bond required, to secure indemnity to the appellee. This object of the statute is fulfilled when the bond is so · construed as to hold the principal and sureties thereon liable to the appellee for whatever damages he has sustained by reason of the appeal. In many of the states a special bond in such cases is provided for by statute, and it may be regretted that the legislature of this state has overlooked the necessity for a similar law. But it is incredible that our lawmakers intended to impose an unjust penalty upon a party for the assertion by him of a material, valuable, and settled right. We think it is clear that the legislature intended a supersedeas appeal bond to be construed as furnishing indemnity, and not as providing for a penalty. The general form of bond required by the statute is sufficient to afford indemnity to the appellee in a case like this, and cannot be construed as doing more. * * By executing the bond in question, the Bermea Company and its sureties became liable to Adoue, in case the judgment against it was affirmed, for the value of the mortgaged property. If the said property had been destroyed, or if it had been placed beyond reach of execution, or if it had depreciated in value while the appeal was pending, then the appellant and its sureties were bound to make good the loss sustained by Adoue. Interest on the value of the property and costs of the appeal should also be included. These damages could be ascertained in a proper action on the bond."

The question of what the elements of damage were, was not before the court and doubtless the above statement was not intended to be exclusive but only as indicating the general liability of a supersedeas bond in these cases.

■ The proper bond in such cases is the bond in double the amount of appellee's judgment, as provided by article 2270, R. S. Appellee is not kept from possession and the ancillary rights of rents and revenues. It has the right by the trial court's judgment to seek the payment of its money judgment from the property by sheriff's sale. If the value of the property is destroyed pending appeal, all appellee could lose thereby is the value of same up to the amount of its judgment. Hence, it is no answer to urge that the trial judge did not fix the amount of the bond.

■ Neither do we regard as important the fact that application has not been made to the district clerk for a writ of supersedeas since the order of sale was issued. Such order of sale was issued only after the appeal bond was filed with that clerk.

Thus article 2275 is not involved. McConnell v. Libecap (Tex. Civ. App.) 38 S.W. (2d) 408, supports the order we here make, although the reasoning of that opinion rests on a different theory, applied· in a case where the value of the security is less than the debt held to be a first lien.

The writ will issue against appellee Texas Pacific Coal & Oil Company and the sheriff of Jones county, as prayed for.