**ERWIN v. SHERROD et al.**

**No. 5125.**

Court of Civil Appeals of Texas. Amarillo.

Aug. 2, 1939.

E. A. Bills, of Littlefield, for appellant.

Bean, Evans & Bean, of Lubbock, for appellees.

### PER CURIAM.

The appellees, B. Sherrod and Paul Sherrod, recovered judgment in the lower court against H. E. Chambers in the sum of $486.22, with interest and costs of suit, and for foreclosure of a chattel mortgage lien on 16 Maytag washing machines, situated in Lamb County, Texas, as against Chambers, Acrey Barton and the appellant herein, C. G. Erwin, the latter having intervened in the suit seeking to establish a prior and superior lien upon the property mentioned. The appellant, having been denied the relief he sought in the trial court, gave notice of appeal, in due time made and filed a supersedeas bond in the amount and condition required by law, which bond was approved by the clerk of the trial court, and thereafter the record in the case was filed in this court.

On July 19, 1939, after the appeal had been duly perfected and filed in this court, the appellees caused the clerk of the court below to issue an alias order of sale under the trial court judgment, commanding the sheriff or any constable of Lamb County, Texas, to seize and sell the 16 Maytag washing machines herein involved. The appellant thereupon filed in this court a petition for an injunction to restrain the execution of the order of sale, alleging that said alias order of sale had been placed in the hands of Sam Hutson, sheriff of Lamb County, and that such sheriff would sell such property unless restrained from so doing by this court. The appellees and the sheriff have entered their appearances herein for all purposes and the application of the appellant for injunctive relief has been duly submitted for our consideration.

Under the authorities of this State we think the filing of the supersedeas bond by the appellant herein supersedes and suspends the enforcement of the judgment below in so far as the sale of the property is concerned and the appellant is, therefore, entitled to the relief sought. Articles

2270 and 2275, Vernon's Annotated Civil Statutes of Texas; R. B. Spencer & Co. v. Texas Pacific Coal & Oil Co., Tex.Civ. App., 84 S.W.2d 853; Adoue, et al. v. Wettermark, 28 Tex.Civ.App. 17, 68 S.W. 553, writ denied; Houtchens v. Mercer, District Judge, 119 Tex. 431, 29 S.W.2d 1031, 69 A.L.R. 1103.

The writ will issue against the appellees and the sheriff of Lamb County, as prayed for.