**In the Matter of Thomas NORRIS and Karen Norris, Debtors.**

**Thomas Norris and Karen Norris, Appellants,**

v.

**Johnny W. Thomas, Trustee, Appellee.**

**No. CIV.A. SA–04–CA–217–XR.**

United States District Court,
W.D. Texas,
San Antonio Division.

Oct. 21, 2004.

---

Melvin R. Blumberg, San Antonio, TX, for Debtors/Appellants.

Johnny W. Thomas, San Antonio, TX, pro se.

## ORDER

RODRIGUEZ, District Judge.

Thomas and Karen Norris appeal an order signed by the Bankruptcy Court that their boat cannot be claimed as a homestead under Texas law. This Court AFFIRMS the Bankruptcy Court's decision.

### Factual Background

Appellants filed a voluntary petition in the Bankruptcy Court, Western District of Texas, San Antonio Division. In that petition they indicated that their street address was 13909 Nacogdoches Road, San Antonio, Texas. They claimed a boat 68 feet in length, 1975 Chris Craft Roamer CMY ("M/V Cricket") as exempt property pursuant to Tex. Const. art. 16 §§ 50[1] and 51[2] and Tex. Property Code §§ 41.001 and

---

1. Without defining "homestead", Tex. Const. art. 16, section 50, in part, states: "The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for . . . ."

2. Sec. 51. The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land, together with any improvements on the land; provided, that

41.002. The boat has a gross value of $399,000 and was subject to a note with a balance due of approximately $243,000. The Trustee filed an objection to the claim of exemption arguing that the boat cannot be claimed as a homestead. The Bankruptcy Court agreed and ordered that the homestead exemption did not apply, the property was not exempt, and that the boat was the property of the estate.

The boat was purchased by the Norrises in late 1997 or early 1998. It has four bedrooms, three bathrooms, a galley, and an upper and lower salon. Mr. Norris testified that he sold his home at Lake McQueeney in 2000 and "went aboard full-time." At the time of the filing of the voluntary petition the boat was docked in Port Aransas, Texas. It has since been moved to a dock located at 100 Lawrence Street T–Head, Corpus Christi, Texas. Mr. Norris testified that he "cruises extensively." Mr. Norris also testified that despite the addresses indicated in his voluntary petition, his wife actually has been living in San Antonio for some unspecified amount of time caring for her elderly mother. Mrs. Norris lives in a San Antonio home provided by one of her children. Mr. Norris testified that he does not live at 13909 Nacogdoches Road, San Antonio, Texas, but rather that is merely a private business postal center. Mr. Norris testified that when he is in San Antonio he visits and stays at his parents home located in San Antonio. Mr. Norris testified that he is in arrears on his boat note, that it is his only asset, and that he has placed the boat for sale with Fox Yacht Sales.

the homestead in a city, town or village shall be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business, of the homestead claimant, whether a single adult person, or the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no

## Standard of Review

Districts courts have authority to hear appeals from final judgments and orders of bankruptcy courts within the same judicial district. 28 U.S.C. § 158(a)(1). A bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *In re Dota,* 288 B.R. 448, 452 (S.D.Tex.2003). The district court reviews issues of law and mixed questions of fact and law *de novo. Id.*

## Analysis

### Texas Law defines homestead exemption rights

Where the debtors select state exemptions when they file a bankruptcy petition the Bankruptcy court looks to state law to interpret homestead exemption rights. *In re Leonard,* 194 B.R. 807 (Bkrtcy.N.D.Tex.1996).

As stated above, neither sections 50 or 51 of the Texas Constitution specifically define "homestead", much less offer any guidance as to whether a yacht or large boat qualifies as a homestead. In addition to the Texas Constitution, Appellants rely upon Tex. Prop.Code sections 41.001 and 41.002.

Homestead is defined in Tex. Prop.Code 41.002 as follows:

(a) If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more

other homestead has been acquired; provided further that a release or refinance of an existing lien against a homestead as to a part of the homestead does not create an additional burden on the part of the homestead property that is unreleased or subject to the refinance, and a new lien is not invalid only for that reason.

than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.

(b) If used for the purposes of a rural home, the homestead shall consist of:

(1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or

(2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

(c) A homestead is considered to be urban if, at the time the designation is made, the property is:

(1) located within the limits of a municipality or its extraterritorial jurisdiction or a platted subdivision; and

(2) served by police protection, paid or volunteer fire protection, and at least three of the following services provided by a municipality or under contract to a municipality:

(A) electric;

(B) natural gas;

(C) sewer;

(D) storm sewer; and

(E) water.

(d) The definition of a homestead as provided in this section applies to all homesteads in this state whenever created.

■ "Because homesteads are favorites of the law, [courts] must give a liberal construction to the constitutional and statutory provisions that protect homestead exemptions." *Matter of Bradley*, 960 F.2d 502, 507 (5th Cir.1992), *cert. denied*, 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993)(citing *Tolman v. Overstreet*, 590 S.W.2d 635, 637 (Tex.Civ.App.-Tyler 1979, no writ); *Kunkel v. Kunkel*, 515 S.W.2d 941, 946 (Tex.Civ.App.—Amarillo 1974,

writ ref'd n.r.e.); *Garrett v. Katz*, 23 S.W.2d 436, 438 (Tex.Civ.App.—Dallas 1929), *modified on other grounds*, 27 S.W.2d 373 (Tex.Civ.App.—Dallas 1930, no writ)). The Fifth Circuit has further stated: "Indeed, we must uphold and enforce the Texas homestead laws even though in so doing we might unwittingly 'assist a dishonest debtor in wrongfully defeating his creditor.'" *Id.* (Citing *Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931)).

### Can a boat or a yacht be claimed as a homestead?

Appellants argue that a liberal construction must be given to the term and that the Texas Supreme Court's decision in *Cullers v. James*, 66 Tex. 494, 1 S.W. 314 (1886) mandates that personal property can qualify for a homestead exemption. In *Cullers v. James*, the debtors owned a home, but leased the land upon which it was placed. The Texas Supreme Court stated, in part, as follows:

It is contended that the homestead, under the constitution, cannot embrace personal property. The exemption is, in terms, of lots or acres of land; but the object was to secure to the family a home. 'House' is necessarily embraced in the word 'homestead.' *Franklin v. Coffee*, 18 Tex. 417[413, 1857 WL 4980 (1857)]. If the head of a family owns a house, and no interest or estate in the land on which it stands, the house is a chattel. If he occupies it with his family, it is their home. He may be compelled to move it from one lot to another as fast as legal process can oust him, still, though ambulatory, unsatisfactory, and in all its appointments mean; though it advertises the thriftless poverty of its proprietor, and is a caricature of the princely possibilities of the exemption laws,—it is the home of a family,

and is embraced in the spirit and purpose, if not the letter, of the constitution. The same principles, under our present constitution, must be applied to the place of business of the head of the family. To give effect to the object of the law, the dwelling-house and the gin-house must be held to have been improperly seized under the plaintiff's writ. But we do not feel authorized to extend the scope of the law's purpose any further than this. The mill and gin, and pertinent apparatus and machinery, may become part of the homestead in town or country, not because they are in themselves exempt, but because they are parts of that which is exempt. If they are annexed to and form part of a tract of land, in which a family has a homestead right, their location and use will aid in determining what portion of the tract is under protection from seizure, as in the case of *Railroad Co. v. Winter*, 44 Tex. 597[, 1876 WL 9154 (1876)]. But, to be exempt as part of the homestead, they must be part of the exempt realty. They form no part of the home proper, which it was the overruling purpose of the constitution to secure to the family, and can be claimed as exempt only when embraced in the words of the law as part of the land in terms protected. The proposition that the mill and gin machinery are exempt as tools of trade cannot be seriously insisted upon. That it was urged that they were part of the homestead ought to be a sufficient answer to a claim so diametrically opposite. No authority has been cited which has gone far enough to embrace as tools of trade this kind of property, and the analogies and reason of the law do not persuade us to pioneer such extreme doctrine.

*Id.,* 66 Tex. at 498–99, 1 S.W. 314. Appellants further argue that if based upon *Cullers v. James* a mobile trailer home [3] can qualify as a homestead, by analogy a trailer placed on a barge tied to a dock can qualify for homestead exemption. Extending their argument to the issue here, Appellants argue that boats or yachts should be afforded the same homestead designation.

The issue of whether a boat or yacht can be claimed as a homestead under Texas law appears not to have been previously addressed by any Court. The issue has been addressed, however, analyzing the law in other states. Before turning to the non-Texas cases addressing this subject, the Court notes that sections 51 of the Texas Constitution and Tex. Prop.Code 41.002 refer to "land." The cases of *Cullers v. James* and *Capitol Aggregates, Inc. v. Walker* refer to structures that can be placed upon or affixed to land. Tex. Tax Code § 11.13(j)(1) defines a "residence homestead" for purposes of exemption from taxable property as a "structure (including a mobile home)."

It appears that, for the most part, other courts that have recognized boats as qualifying for homestead designation have done so based on statutory language. For example, in *In re Ross*, 210 B.R. 320 (Bkrtcy. N.D.Ill.1997), that Court relied upon an Illinois statute that stated: "Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in ... *personal property*, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence ...." *Id.* at 322 (emphasis added). *See also In re Herd*, 176 B.R. 312, 313 (Bkrtcy. D.Conn.1994)("A debtor, under

---

**3.** *Capitol Aggregates, Inc. v. Walker*, 448 S.W.2d 830 (Tex.Civ.App.—Austin 1969, writ refused n.r.e.).

§ 522(d)(1), may exempt the debtor's aggregate interest, not to exceed $7,500 in value, in real property *or personal property* that the debtor ... uses as a residence...."); *In re Scudder,* 97 B.R. 617, 618 (Bankr.S.D.Ala.1989)("a mobile home *or similar dwelling* if the principal place of residence of the individual claiming the exemption shall be deemed to be a homestead.")(emphasis added); *In re McMahon,* 60 B.R. 632, 633 (Bankr.W.D.Ky. 1986)("real or personal property that such debtor ... uses as a permanent residence in this state....").

Although a few cases have been found where courts have afforded "unorthodox residences" homestead designation without some arguable statutory authority, such cases appear to be in the distinct minority. *See In re Laube,* 152 B.R. 260, 262–63 (Bankr.W.D.Wis.1993)(working and operable semitruck cab used by professional driver designated as homestead despite the lack of specific statutory authority); *In re Miller,* 103 B.R. 65, 67 (Bankr.N.D.N.Y.1989)(despite the lack of specific statutory authority the court opined that a trailer or boat or similar dwelling used as an abode is not precluded from being considered a principal residence under NYCPLR § 5206).

Notwithstanding that courts must give homestead exemptions a liberal construction, the bases for such construction must be guided by constitutional and statutory provisions. In this instance neither the Texas Constitution nor Texas statutes offer such a basis. Further, this Court doubts that the present situation was one that *Cullers v. James* anticipated as meritorious of relief and liberal construction. Further, in a later Texas Supreme Court case, it appears that the Court again emphasized that homestead rights concern an estate in land. *See Woods v. Alvarado State Bank,* 118 Tex.

586, 19 S.W.2d 35 (1929). This Court agrees with the conclusion reached in *In re Hacker,* 260 B.R. 542, 547–48 (Bankr. M.D.Fla.2000), that the debtors' boat in this case is a moveable "motor boat" that cannot support a homestead exemption under Texas law. Debtors' boat, by virtue of its self-powered mobility, is a moveable chattel, not a permanent residence entitled to homestead protection. *See also In re Christie,* No. 02–14218–8C7, 2003 WL 168656 at *1 (Bankr.M.D.Fla. Jan.23, 2003)(citing numerous Florida cases discussing boats and homestead exemptions).

### Conclusion

For the foregoing reasons, the Court holds that Appellants' boat cannot be claimed as a homestead under Texas law. This Court AFFIRMS the Bankruptcy Court's decision.