ELLA L. WINTON, Respondent, v. WILLIAM LIVEY et al.,
Appellant.

*N. Y. Supreme Court, First Department, General Term, May 24, 1889.*

*Undertaking an arrest. Sureties.*—The sureties on an undertaking on
arrest given in an action for divorce in the usual form have not
failed to fulfil the condition of the undertaking and cannot be
held, until in some way the plaintiff has elected, and shown that
she has made such election, to proceed against the defendant in
the divorce proceedings to punish him for his failure to perform
the act specified in the order or judgment.

Appeal from a judgment entered upon the decision of the
court without a jury.

*G. W. Stephens,* for appellants.

*E. P. Wilder,* for respondent.

VAN BRUNT, P. J.—The action was brought against de-
fendants upon an undertaking of bail given for one Walter
W. Winton, the plaintiff's husband, upon his arrest under
an order of arrest obtained by her in an action for limited
divorce.

The undertaking was in the usual form. Both of the
defendants undertook that the said Walter W. Winton
would obey the direction of the court, or of the appellate
court, contained in the order or judgment requiring him to
perform the acts specified in the order; or in default of his
so doing, he would, at all times, render himself amenable to
proceedings to punish him for the omission. The defend-
ant Winton duly appeared in said action, and the plaintiff
recovered a judgment of divorce and for alimony at the rate
of twelve dollars per week; and at the time of the com-
mencement of this action, there was alimony due and unpaid
thereunder to the amount for which judgment in this action
has been rendered.

Prior to the commencement of this action, the attorney for the plaintiff sent to the defendants the following notice :

NEW YORK, *April*, 6, 1887.

*Messrs. William Livey and George Russ :*

DEAR SIRS—I regret to remind you that you are sureties upon an undertaking given by Mr. Walter W. Winton upon his arrest in July, 1881, in which you undertook that he should obey the directions of the court contained in any order or judgment that might be rendered in an action for divorce brought against him by his wife, and I regret also to inform you that Mr. Winton has, for some months, failed to pay alimony as required by the judgment in that case, and that his attorney lately called upon me and informed me that he thought it extremely doubtful whether Mr. Winton would pay any more alimony ; and as I am unable to find Mr. Winton, and do not know his address, I cannot send a copy of this letter to him, but I hereby notify you that I shall look to you for the fulfilment of the terms of your undertaking, and shall expect the payment of $168, alimony now due, on or before Monday next, in default of which I shall be under the painful necessity of bringing an action against you upon the bond.

Believe me yours sincerely,

E. P. WILDER.

And thereupon, without any further proceedings, this action was commenced. By the provisions of section 597 of the Code, it is provided that an action such as this may be brought at any time after the bail have failed to comply with their undertaking; and the question presented is, has there been a failure of the bail to comply with their undertaking?

The undertaking is in the alternative form, first, that the defendant arrested will obey the direction of the court contained in the order or judgment requiring him to perform

the acts specified in the order, or in default of so doing, that he will at all times render himself amenable to proceedings to punish him for the omission. Consequently, before the default is established, two things must concur, viz: that the defendant arrested has failed to perform the acts specified in the order or judgment, and also that he has failed to render himself amenable to proceedings to punish him for contempt.

It is clear that the first condition of the undertaking had been violated, and it seems to us equally clear that the second condition had not been violated, because how the defendant can render himself amenable to proceedings to punish him for the omission to do the act specified in the order or judgment until some proceedings are taken to enforce that right upon the part of the plaintiff in the action, it is difficult to imagine.

It is impossible for him to tell whether any such proceedings will ever be instituted, and until some steps are taken for the initiation of such proceedings, it seems to be clear that there is nothing for him to render himself amenable to, and, as a consequence, the undertaking of the bond has not been violated.

It was not the intention of the Code that the defendant, if he left the state for a moment, should make his sureties liable. If the construction of this undertaking contended for by the plaintiff is put upon it then the defendant in a divorce case could never leave the state of New York, and that is not the provision of the undertaking, and it will not be so construed, unless the language of the undertaking requires it. The writ of *ne exeat* has been abolished, and the undertaking was not intended to do more than to make the defendant give security that when called upon in proceedings to punish him for the omission to do the act specified in the order, he will respond to the call, but until he is called upon, he is not bound to hold himself in perpetual readiness at the door of the sheriff's office in case at any time during

the lifetime of the plaintiff, proceedings should be initiated against him because of his failure to pay the alimony.

But it is said that the defendant in the action for a divorce was a non-resident and lived in Pennsylvania, and that the plaintiff could not find him here, and that notice was given by letter to the sureties of their liability under the undertaking. The counsel for the respondent styles the letter as a very liberal notice. It was certainly exceedingly liberal in the manner in which it interpreted the obligation of the sureties, because it informed them of an obligation which they had never entered into, and nowhere pretended to inform them of anything except that, because the alimony had not been paid, they thereby became liable to pay the same, which was not the condition of the undertaking. If the counsel thought fit to notify the sureties of what their obligation was, he was bound to give them notice, in all reasonable good faith, of the whole of their obligation, and to call their attention to the fact that because of the failure to pay the alimony they were required to produce their principal under the alternative contained in the undertaking. But the letter is studiously silent upon this point, and seeks to impress upon their minds the fact that they are liable for the amount of the alimony because it was not paid by the defendant.

The letter was no notice whatever that the plaintiff elected to require the defendant in the divorce proceedings to render himself amenable to any process. It contained no intimation of this kind and, as already said, until the plaintiff has signified her intention to take proceedings, there cannot be any failure upon the part of the defendant to render himself amenable to proceedings to punish him. In fact in analogy to the proceedings to charge bail under an execution against the person where it is possible that these proceedings should be initiated and carried to the issuing of a commitment, it might very well be held that that commitment must be issued and returned not found before there is a liability incurred by the bail, and that that is the evidence which should satisfy the

court that the defendant refuses to render himself amenable to the proceedings to punish him.

An order for his commitment upon an order to show cause could be obtained without personal service, because the proceeding is for a contempt to enforce a civil remedy in an action, and service upon the attorney who had appeared in the action for him gave the court complete jurisdiction. Pitt *v.* Davison, 37 N. Y. 235.

But without deciding this proposition, it is clear that until in some way the plaintiff has elected, and shown that she has made that election to proceed against the defendant in the divorce suit by proceedings to punish him for his failure to perform the act specified in the order or judgment the sureties have not failed to fulfil the condition of the undertaking and cannot be held.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide event.

BARTLETT, J., concurs.