(79 Misc. Rep. 563.)

### BOND v. NATIONAL SURETY CO.

(City Court· of New York, Trial Term.  February, 1913.)

1. BAIL (§ 18*)—DISCHARGE OF SURETY—SERVICE ON ATTORNEY AFTER JUDGMENT.

Where plaintiff brought an action for divorce against her husband and caused him to be arrested, and a bail bond was given under Code Civ. Proc. § 575, subd. 1, to secure his release, conditioned that he would obey the direction of the court, or in default of so doing· render himself amenable to proceedings to punish him for the omission, and where, after final judgment in the divorce action, plaintiff's attorneys obtained numerous orders to show cause why the husband should not be punished for contempt, but was unable to effect service thereof upon him, it was no defense, in the wife's action against the surety on the bail bond, that she had not attempted to serve the husband by serving the attorneys who represented him before judgment in the divorce action; the presumptive authority of the attorneys having ceased with the entry of judgment.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 64–82; Dec. Dig. § 18.*]

2. BAIL (§ 21*)—CIVIL CASES—NOTICE TO SURETIES—SUFFICIENCY.

A letter to the surety on a defendant's bail bond, given pursuant to Code, § 575, subd. 1, to secure his release from civil arrest in a divorce suit, which letter stated that numerous efforts had been made to serve him with orders to show cause why he should not be punished for contempt, and that he was out of the state, and concluded with the demand for payment of the amount of the undertaking, was sufficient notice to the surety to produce the husband and cause him to submit to the court's order, though it made no formal demand therefor.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 83–94; Dec. Dig. § 21.*]

Action by Caroline P. Bond against the National Surety Company. Defendant moves to set aside verdict directed for plaintiff.  Motion denied.

Robert H. Elder, of New York City (Otho S. Bowling, of New York City, of counsel), for plaintiff.

Rolland R. Rasquin, of New York City, for defendant.

GREEN, J.  This is a motion to set aside a verdict directed in favor of the plaintiff for the sum of $1,568.50, subject to the opinion of the court, and for an award of judgment to the defendant as provided by section 1185 of the Code of Civil Procedure.  The action is on a bail bond given by the defendant company under subdivision 1 of section 575 of the Code, which provided that:

"The defendant will obey the direction of court, or of an appellate court, contained in an order or a judgment, requiring him to perform the act specified in the order; or, in default of his so doing, that he will, at all times, render himself amenable to proceedings to punish him for the omission."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The plaintiff brought an action for absolute divorce against her husband, in which action she caused her husband to be arrested, and the bond was given by the defendant herein to secure the release of the husband from the custody of the sheriff. The husband was required to pay alimony to the plaintiff herein, and he defaulted in his payments and failed to obey the final judgment, a copy of which was duly served upon him. Thereafter, for a period of seven weeks, plaintiff's attorney obtained numerous orders to show cause why the husband should not be punished for contempt, but was unable to effect service thereof upon her husband. This attempted service was made after final judgment. The attorney for the plaintiff then wrote to the defendant herein, advising defendant of the fact that he had attempted to effect service of the orders to show cause, and also demanded that the arrears of alimony be paid. No attention was paid to this letter, and this action was brought.

The defendant relies upon two contentions to defeat plaintiff's recovery: First, that no proper notice has been given to defendant to produce the husband to make himself amenable to the order of the court; and, second, that the order to show cause to punish the husband for contempt could have and should have been served upon the husband's attorneys in the divorce action before defendant can be held liable upon the bond.

[1] As to the contention that the order to show cause may have been legally served upon the attorneys for the husband in the divorce suit, I am satisfied that, that cause having proceeded to final judgment, the presumptive authority of his attorneys ceased with the entry of judgment. Wulff v. Wulff, 74 Misc. Rep. 213, 133 N. Y. Supp. 807; Keller v. Keller, 100 App. Div. 325, 91 N. Y. Supp. 528. Service, therefore, upon such attorneys would have been of no avail.

[2] The other contention is not, however, without its difficulties. The defendant cites the case of Winton v. Livey, 6 N. Y. Supp. 29,[1] and in that case it was held:

"A letter to the bail, notifying them of defendant's failure to pay alimony, and informing them that plaintiff would hold them for such payment, is not notice of an intention to require the defendant to render himself amenable to proceedings for his failure to pay."

Mr. Justice Van Brunt, writing the opinion of the court in that case, said (referring to the letter):

"It contained no intimation of this kind, and, as already said, until the plaintiff has signified her intention to take proceedings, there cannot be any failure upon the part of the defendant to render himself amenable to proceedings to punish him."

In the case at bar the attorney for the plaintiff wrote to the defendant of the numerous efforts being made to effect service of the orders to show cause to punish for contempt upon the husband in the divorce case. He wrote, also, that the husband was out of the state and in Kentucky, and concluded by a demand for the payment of $1,500, the amount of defendant's undertaking. It is true that in

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 53 Hun, 630.

the letter the attorney for the plaintiff does not make a formal demand that the husband be produced to make himself amenable to the order of the court; but I am satisfied that the letter in the case at bar is sufficiently distinguishable from the letter in the Winton Case, supra, to warrant this court in saying that such notice may be reasonably spelled out of the letter. He called defendant's attention to the default in payment, as well to the efforts being made to effect service of orders to punish the husband for contempt, and also that he was without the jurisdiction of the court, and thus defendant had full opportunity of protecting itself by a surrender of the husband, under section 592 of the Code, or to surrender at any time before answer, under section 601 of the Code, and could even have prolonged the period within which to make such surrender by obtaining an order of the court, under section 601 of the Code.

In an action of this character, where the intent of the parties is so plain, I do not think the courts should construct technical barriers to defeat a recovery; and while I am mindful of the decisions which hold intent will not cure the form of defective undertaking (see Bristol v. Graff, 79 App. Div. 426, 80 N. Y. Supp. 39, affirmed without opinion 179 N. Y. 551, 71 N. E. 1129), I am firmly convinced that a little more equity mixed with the rules of law, as administered in this state, would be conducive to real substantial justice, which rigid adherence thereto too often denies. The defense in this case is technical, and while the spirit of the master legal technician has predominated in the appellate courts of our state, that principle never has and never will receive support from me. In the Winton Case, supra, it is true the court held that a notice to the surety to pay the alimony due was not a notice to produce the person to make himself amenable to punishment; but that case, in my opinion, is simply an instance of judicial hairsplitting.

I believe in the case at bar that the defendant had due notice to comply with the conditions of the undertaking. It gave the bond, and it knew the purposes for which it was given. It was given substantially to secure to the plaintiff the payment of an award of alimony ordered by the court, or in default that the defendant would hold himself amenable to the court for punishment for the omission. There was nothing ambiguous about its object, and I am of the opinion that, to say, because the plaintiff has failed to use certain phraseology in a letter to the defendant, that defendant is not made aware of the demand of the plaintiff that defendant comply with the tenor of the undertaking, is simply trifling with justice, and erecting an unnecessary technical barrier against the recovery upon a plain legal right. For these reasons I am of the opinion that the direction of a verdict was proper.

The motion to set aside the verdict is therefore denied, and defendant may have 10 days' stay, and 30 days to make a case after notice of the entry of judgment.

Motion denied.